ORANGE,
March,
1834.

ELI BARNES *vs.* LEWIS BARNES.

The existence and organization of a school district may be proved by reputation, where its organization does not appear of record.

The title of a purchaser of personal property, under a sheriff's sale, is not defeated by the neglect or omission of the officer to make a regular return.

A license to erect a building on the land of another cannot be revoked so as to make the owner of the building a trespasser, for entering and removing the building after the license is countermanded.

Where a building on the land of another is sold at a sheriff's sale, if the owner of the land, at the time of the sale, declares his assent that the purchaser may enter and remove the same, this assent cannot be revoked after the sale is made.

This case comes here to be considered upon the following bill of exceptions.

"This was an action of trespass for breaking and entering the plaintiff's premises in Chelsea, and pulling down and carrying away a building thereon standing; with a second count for taking and carrying off certain personal property. Trial by jury on the general issue, with notice that special matter would be given in evidence in justification of the trespass.

The plaintiff, in support of the issue on his part, gave evidence tending to show the title and possession of the *locus in quo* in himself, and the commission of the trespass complained of, and here rested his cause. The defendant, in support of his notice, gave parol evidence (which was objected to but admitted) in connection with the records of the supposed district number twelve, tending to prove, that, *in point of fact*, there was a school district in said Chelsea, known as number twelve; that the plaintiff gave the inhabitants of said district a parol licence to put said building on to the *locus in quo*, and occupy it for a school house as long as they chose, and then remove it from his land. It was accordingly placed upon plaintiff's land, and occupied some few years for that purpose; and that said district, by a vote passed on on the —— day of —— 183–, ordered said building to be sold at auction to the highest bidder; that said building was then put up at auction, and struck off to one Chester Thomas, the plaintiff being present and saying to the auctioneer, that whoever bid off said building might take it away at any time; but it was not proved that —— Goodrich, on whose warrant defendant justifies, or defendant himself, was present, or had any knowledge of this declaration of the plaintiff.

The defendant then offered in evidence a writ of attachment,

ORANGE,
March,
1834.

Barnes
vs.
Barnes.

judgment, execution, and return of the officer thereon, in favor
of —— ——, against said Thomas, showing said building was
attached and sold on said execution as the property of the said
Thomas, and bid off by said Goodrich at the sale on the exe-
cution.   To the admission of said execution the plaintiff ob-
jected, upon the ground that the officer's return upon the same
was defective—it did not state the place where sold to be in
Chelsea.   But the court overruled the objection and admitted
the same.   The defendant then offered to show that he enter-
ed on the plaintiff's close and committed the acts complained
of as a trespass, by the direction and at the request of said
Goodrich; and then rested.   The plaintiff then offered evi-
dence tending to show, that shortly after said Thomas purchas-
ed said building, and long before the attachment, he made a
contract with Thomas for the purchase of said building, and
was to pay him what he gave for it at auction; that he, the
plaintiff, expended about $25 00 in laying a chamber floor,
and putting up partitions and a chimney in said building, and
put a tenant into it, who occupied it for several months; when
the said Thomas informed the plaintiff that he wanted said
building back, and the plaintiff informed him, (the plaintiff
never having paid any thing for it,) that he might have it back,
paying him for said repairs; that nothing more was done with
the house by either, till the same was attached as aforesaid.

The plaintiff offered further evidence tending to prove that
he purchased the house again of Thomas, on the day before
the attachment, and that before the defendant entered on the
plaintiff's close to take off said building, he forbade his med-
dling with the same.   No legal organization of said district
number twelve was proved.   Defendant adduced evidence
tending to prove, that when the plaintiff forbade Goodrich re-
moving the building from his land, it was upon the ground that
he owned it by virtue of purchase from the said Chester Tho-
mas, and so informed Goodrich.

The plaintiff then contended, and requested the court to
charge the jury, that the defendant had not made out a justifi-
cation, having failed in proving a legal organization of said dis-
trict.

2. That the entry upon the plaintiff's close, under the cir-
cumstances of this case, was a trespass, for which plaintiff was
entitled to recover nominal damages, if nothing more.

3. That if the law would imply a license that the district

ORANGE,
March,
1834.

Barnes
vs.
Barnes.

might at any time enter the plaintiff's close to take off said building, yet that this implied licence did not extend to the defendant, or Goodrich ; nor could either avail themselves of the parol licence given by the plaintiff at the time the building was sold to Thomas, neither being present at the time ; and if they could, yet all implied and parol licence was revoked by the plaintiff forbidding Goodrich taking the aforesaid buildings ; and if the jury should find that said building was the property of said Thomas when attached, still the plaintiff was entitled to recover for his said repairs.

But the court neglected to charge as above requested, and did, among other things, charge the jury, that the organization of the school district was sufficiently proved to enable the defendant to justify under their proceedings ; that if the jury found the building was put upon the plaintiff's land by the permission of the plaintiff, and he subsequently and at the time the building was sold at the auction to Thomas, said to the auctioneer, that whoever bid off the same might enter and take it away at their pleasure, yet this was a mere parol license, which the plaintiff might at any time revoke ; but the question is, did he revoke it ? If the jury found that at the time the plaintiff forbade Goodrich removing it, he claimed to own it, and that it was on this ground he forbade Goodrich taking the house away, it was no revocation of the licence, and the plaintiff could not recover even nominal damages for the defendant's entry upon his land to take off the house. If, however, the jury found that the plaintiff was the owner of the house by virtue of purchase from Thomas or otherwise, he could recover not only for the trespass in entering upon his land, but also the value of the house. As it respects the repairs made on the house, the plaintiff could not recover for them in this action, unless the jury found that at the time, or before, said building was taken off, he claimed of Goodrich to have made said repairs, or that he forbade Goodrich taking off said building on the ground that he had made such repairs. If, therefore, the jury did not find such claim was made by the plaintiff, or that the refusal to take off said building was put upon the ground of such repairs having been made by him, he could not recover for the repairs. The jury returned a verdict for the defendant. To which charge of the court, and neglect to charge as requested, and the admission of evidence, the plaintiff excepted." Exceptions were allowed, and now come here for consideration.

ORANGE,
March,
1834.

Barnes
vs.
Barnes.

*Smith and Peck for plaintiff.*—1. The execution under which the plaintiff justifies was improperly admitted, the return of the officer being defective.

2. The license given the district to put the building upon the *locus in quo* did not authorize the district, or any one by them commissioned, to enter and remove it.—6 John. Rep. 14 Idem.   4 Mass. Rep. 514—8 Idem, 411—16 Idem, 449.

3. If in such case the law would imply a *license* to enter and remove the building, it was revocable; and when the plaintiff forbade the defendant removing the building, if it was on the ground that he claimed to own it, the license was revoked and the entry of the defendant a trespass.

4. If the defendant would justify under the proceedings of the district, he should have shown the district legally organized, and their proceedings regular.—4 Greenleaf, 44.

5. The defendant cannot avail himself of the permission given by the plaintiff at the time the building was sold, that any one who purchased it might enter and take it off, as he was not present, nor did he purchase it at such sale, or act upon such permission; at best there is no evidence of this.   This, too, was a parol license, which might be and was revoked.

*Upham for defendant.*—1. It was not necessary for the defendant, in order to make out his defence, to show the regular organization of school district number twelve.   It was sufficient for him to show that certain individuals claimed to act, and did act, as school district number twelve, and as such sold the house in question to Thomas.   But if it were necessary to go further, and show a regular organization of the district, the records put into the case show such organization.—Vide records.

2. It was proper for the defendant to show by parol evidence, that the plaintiff gave the district license to put the house upon the *locus in quo*, occupy it as a school house as long as they chose, and remove it at pleasure.—1 Swift's Dig. 516.   *Cook* vs. *Stearns*, 11 Mass. Rep. 357.   *Whitney* vs. *Holmes*, 15 Mass. Rep. 152.   7 Comyn's Dig. 519.

3. Plaintiff having licensed the defendant to put the school house upon his land, and remove it at pleasure, had no right, after it was placed upon the *locus in quo*, to forbid the removal of it by the district.—7 Comyn's Dig. 521.   1 Saunders, 323. *Dennett* vs. *Grover*.   Willes, 195.   *Winter* vs. *Bockwell*, 8 East. 308.

ORANGE,
March,
1834.

Barnes
vs.
Barnes.

4. If the plaintiff had a right to revoke his parol licence, given the district when the house was put upon his land, to remove it, still he cannot recover in this action, because the evidence shows no such revocation.

The charge on this point, we insist, was correct. The plaintiff did not revoke the paroll icence to the district to take off the house, but claimed to own it by virtue of a purchase from Thomas, and upon the ground of ownership forbade Goodrich removing it from his land. It was too late, we insist, for him on the trial of this case, after his ownership was questioned, to shift his ground and say, that he intended by what he said to Goodrich to revoke the license given the district to enter upon his land and take away their own building.—*Newton* vs. *Danbury*, 3 Conn. Rep. 553. *Stratford* vs. *Fairfield*, 3 Conn. Rep. 588. *Orange* vs. *Sudbury*, 10 Pickering, 22.

5. The plaintiff was not entitled to recover in this action the amount of repairs made by him upon the house while he pretended to own it. 1. Because Thomas, when he purchased it back of him, agreed to pay him for the repairs. 2. Because Goodrich, when he entered upon the plaintiff's land to remove the building, had no knowledge that he had made any repairs; and the plaintiff did not forbid his taking away the house upon the ground of his having made repairs, but on the ground of ownership. The charge of the judge in the court below, upon this part of the case, was correct.

6. The declaration of the plaintiff to the auctioneer, that any person who should purchase the house at auction might enter upon his land and remove it at pleasure, amounted to a licence to any purchaser to enter upon the *locus in quo* and take away the building. To suffer the plaintiff to revoke this licence, would be a gross fraud upon the purchaser of the house.

7. The attachment and execution were properly admitted in evidence to support the issue on the part of the defendant.— *Battie* vs. *Robin*, 2 Vt. Rep. 181. *Bates* vs. *Carter*, decided in Washington county in 1831.

8. Justice having been done by this verdict, a new trial should not be granted for the purpose of enabling the plaintiff to recover merely nominal damages for the entry upon his land to take away the building.—1 Mass. Rep. 237. 2 Salk. 644. 4 T. R. 468. 5 Johnson's Rep. 137. 2 Dall. 55. 1 Burr. 54. Lofft. 521. Brayton's Rep. 169. Peak's Ev. 194. 1 John. Cas. 255.

The opinion of the court was pronounced by

WILLIAMS, Ch. J.—The controversy in this case was, whether the plaintiff or defendant owned a certain building, which had been occupied as a school house; and further, if the defendant, or Mr. Goodrich, for whom he removed the house, was the owner, whether he was justified in entering the plaintiff's land to remove the same. The title to the land, where the house was erected, was in the plaintiff. The school house was owned or claimed by one Thomas, and if the court were correct in admitting the execution and return in evidence, the jury, in finding a verdict for the defendant, must have found that the plaintiff had no claim to the house under Thomas. So far as the parties claim under Thomas, the defendant has been found to have the better title. As the plaintiff was the owner of the land, the defendant, to justify his entry and to make out his title, undertook to prove that the building which he removed belonged to a school district in Chelsea, called number twelve; that it was placed on the plaintiff's land by his permission, and removed either by his express or implied assent. The first objection which has been made to the defendant's title is, that no sufficient proof was made of the existence and organization of the school district. No records of the town were produced, to show either the existence or organization of the district; and if no other proof is admissible for that purpurpose, the defendant has failed in making out his title. The court, however, consider that the existence of a school or highway district may be proved by reputation. If the records of the town have been examined, and the organization of such districts do not appear of record, their existence in point of fact may be proved. All that is necessary in such a case is to show, that there is a district long known and recognized as such. If there are persons claiming to act as inhabitants of a school district, within certain boundaries, and have for a long time acted as a school district, whether those boundaries are designated by any particular lines, or by the farms of the individuals belonging thereto, they may be regarded as belonging to a district regularly organized. Without this kind of proof, there would be a failure of evidence as to the existence or organization of most of the highway and school districts in this state. In this case it appears, that the district, or individuals acting and claiming to exist as such district for a long time,

Orange,
March,
1834.

Barnes
vs.
Barnes.

built the school house in question on the plaintiff's land, by his license. By his dealing with them as such, giving them permission to erect the house, and permission when the same was sold in pursuance of a vote of the district, to any one to remove the same, he recognized them as a district. This evidence was sufficient to show the existence and organization of the district, so far as it was necessary in this action; and the charge of the court thereon was not erroneous. It is however objected, that the title of the defendant, by a purchase at a sale on an execution against Thomas, is bad; that the return of the officer was de-defective, in not stating the place where sold to be in Chelsea. But as this was a sale on an execution, (and the parties have made no question whether this should have been sold or appraised) the return of the sheriff or officer is not essential to the plaintiff's title. If the sale is regular, the title of a purchaser is not defeated by the omission of the officer to make a correct or regular return; and especially, the correctness of such a return is not to be contested by any but the parties to the execution.

The next question which was raised was, whether the defendant was a trespasser in entering upon the plaintiff's land for the purpose of removing the house. It has been argued, that if there was ever any license from the plaintiff to any one, to enter upon his land for the purpose of removing the school house, it was revoked. We consider that the licence which was given to the district, at the time they placed the house on the plaintiff's land, would justify them in erecting the house and continuing it thereon; and whenever the licence was countermanded or revoked by the plaintiff, the district, or any one to whom they should legally convey, would be justified in entering upon the land for the purpose of removing it, doing as little damage as possible. And further, that the licence given by the plaintiff, at the time of the sale, of itself, afforded a justification to the defendant in entering upon the land for the purpose of taking the house away; and it was not material whether the defendant, or Mr. Goodrich, was present at the time, or whether they heard the licence; as it undoubtedly had an effect on the value and price of the buildings. The price was probably enhanced in consequence of this permission, and it came to Mr. Goodrich at this value, increased by this licence or permission of the defendant. We further consider, that this permission was so far coupled with an interest in the persons to

whom the building might be sold, that it could not be recalled or revoked. Mr. Thomas, who purchased the building, and the defendant, who acted under a man who had appropriated to himself the right of Thomas, were justified in entering on the plaintiff's land, within a reasonable time after the sale and the public declaration of the plaintiff, for the purpose of removing the building. The question in relation to repairs put on the building by the plaintiff was involved in the question of title. The building, with its repairs, was sold to Mr. Goodrich. The jury have found, that at the time of this sale, the plaintiff had no title from Thomas, by virtue of any contract with him. This question was correctly left to the jury, and we cannot see that any claim which the plaintiff had, or might have had, for those repairs, is involved in the questions which existed in this case. The judgment of the county court is therefore affirmed.