## THOMAS TAPLEY *vs.* RICHARD SMITH.

If one man builds a house on land of another by his permission, the house is personal property, and does not pass by the conveyance of the land to a third person, but remains the property of the builder.

If the builder is not prevented from occupying or removing the house, he cannot maintain assumpsit therefor against the grantor of the land.

ASSUMPSIT on an account annexed to the writ, the only item of account being "one half of a dwellinghouse, $400," with the money counts.

At the trial before Emery, J., it was proved that a house was built upon land of the defendant, by his consent, by one *Porter;* that *Porter* sold and conveyed the house to the plaintiff and defendant jointly by deed; that it was agreed, verbally, that the defendant should convey to the plaintiff, one half of the land on which the house stood; that afterwards the defendant conveyed, in mortgage, the same land to *Johnson,* to secure the payment of a sum due him, the deed being absolute and a writing given back; that *Johnson* never entered into possession under his mortgage, and never knew of the plaintiff in any transaction respecting the mortgage, or the land, or house; that afterwards, the amount due *Johnson* was paid to him by *Carver,* a brother-in-law of the defendant, and *Johnson* thereupon, at the request of the defendant, conveyed the land to *Carver;* and that *Carver* promised *Smith* to re-convey to him, when the amount due was paid. The plaintiff offered no proof that he had been dispossessed of the house, or had been prevented from occupying it, and there was no evidence that the plaintiff or his tenants had occupied it after the deed to *Johnson.* There was a cellar under the house. The plaintiff did not show that he had ever demanded a deed of the land.

The counsel for the defendant requested the Judge to instruct the jury, that if the plaintiff was the owner of one half of the house, that his interest did not pass by the deed to *Johnson;* that the house was personal property, and was still the plaintiff's; that he can sustain no action against the defendant, or if any, he must first prove that he has been deprived of the house, and has made a demand on the defendant for a deed of the land, or for the money received on sale of the house; and that if liable at all, the defendant is only liable in trover, and not in assumpsit.

The Judge instructed the jury that the house was personal property, and consequently, that it would not necessarily pass by *Smith's* deed to *Johnson* and the deed to *Carver;* that when the plaintiff ascertained the fact of the conveyance to *Johnson* and afterwards to *Carver,* he had his election, to consider it as passed or not; that he was not bound to show that he had actually been deprived of the use and occupation of his half of the house, nor was it necessary that he should make any demand on the defendant for a deed of the land or for the money; that although a tort, he might

waive that and maintain assumpsit; that the jury must be satisfied from the evidence whether the plaintiff had been paid for the half of the house; and that he ought to be paid, unless the demand had been paid, or all demands settled between the parties, of which they would judge from the evidence.

The defendant, finding the verdict against him, excepted to the instructions and opinions of the Judge.

*Kelley*, for the defendant, contended, that the house did not pass by *Smith's* deed to *Johnson*, and that *Johnson* merely passed the title he acquired to *Carver*. The rights of the plaintiff remained the same, as they would if *Smith* had retained the land in his own hands. *Russell v. Richards*, 1 *Fairf.* 429. The plaintiff must show that he has received an injury, before he can support an action. *Safford* v. *Annis*, 7 *Greenl.* 168.

The plaintiff should have offered to pay for the land, before any action can be sustained. He was to have the land by paying for it, instead of compelling the defendant to pay for the house.

The house was personal property, and the plaintiff was entitled to his share of it. The defendant has never sold it, nor in any way prevented the plaintiff from having all his rights. There are no torts to waive, and if there had been a conversion by using the house, assumpsit would not lie. *Jones v. Hoar*, 5 *Pick.* 285.

*W. G. Crosby*, for the plaintiff.

There was no necessity for making a tender, or making a demand, prior to the commencement of the suit. Where the party has disabled himself from performing on his part, this is rendered unnecessary. *Newcomb v. Brackett*, 16 *Mass. R.* 161; *Clark* v. *Moody*, 17 *Mass. R.* 149; 2 *Stark. Ev.* 95.

Demand and refusal are one mode of showing a conversion. Another is a sale of the property. *Wilson* v. *Reed*, 3 *Johns. R.* 175; *Mesereau v. Norton*, 15 *Johns. R.* 179; *Hilborne* v. *Brown*, 3 *Fairf.* 162.

The house was put on the land under a license, and was personal property. *Ricker* v. *Kelly*, 1 *Greenl.* 117; *Kidder* v. *Hunt*, 1 *Pick.* 328.

The plaintiff in this case might waive the tort and bring assumpsit. Where the property has been sold, and the defendant has received payment, assumpsit will lie, whether the payment be re-

Tapley *v.* Smith.

ceived in money, notes, or in paying the debts of the defendant. *Gardiner Man'g Co.* v. *Heald,* 5 *Greenl.* 381 ; *Miller* v. *Miller,* 7 *Pick.* 133 ; *Miller* v. *Miller,* 9 *Pick.* 34.

The opinion of the Court was drawn up by

WESTON C. J. — The house was personal property, and the plaintiff's interest in it did not pass by the defendant's deed to *Johnson.* The plaintiff's title to the house remained unaffected, that deed notwithstanding. This point was decided in the case of *Russell* v. *Richards et al.* 1 *Fairf.* 429, to which we refer.

It is true, if the defendant had distinctly undertaken to sell the house, and had received his pay for it, the plaintiff might have waived the tort, ratified the sale, and maintained assumpsit for the money. But that fact does not appear. He conveyed to *Johnson* the land, upon which the house stood, as collateral security. That did not carry the plaintiff's half of the house, as it would have done, if it had been the defendant's property. *Johnson* never meddled with the house, and having received his pay, released to *Carver* the appointee and relative of the defendant. The plaintiff has never been interfered with by the defendant in the enjoyment of his property, nor has it been occupied under him, nor has *Carver,* his appointee, ever claimed the house as owner of the land, whether he holds as trustee of the defendant, or in his own right.

As to the parol agreement of the defendant, to convey part of the land to the plaintiff, it gave him no legal rights, being void at law under the statute of frauds. If it had appeared, that the defendant had exercised any ownership over the house, the proper remedy of the plaintiff would have been trover. *Hilborn* v. *Brown et al.* 3 *Fairf.* 162. It was there held, that the building, being personal property, did not pass by the deed ; but *Brown,* the grantee, was held liable in trover, not in virtue of his deed, but because he had subsequently converted the building to his own use.

The facts did not, in our opinion, justify the Judge in instructing the jury, that there was a sale at the election of the plaintiff. It does not appear, that any sale of his part of the house was contemplated, either by the defendant or his grantee, or by *Carver,* to whom his grantee released.

*Exceptions sustained.*