By the Court, Marvin, J.
Wilkins & Co. made a single sale to Joy <fc Chapin of 14,514 bushels of wheat, of which 8822 bushels belonged to the defendants. The terms of sale were $5000 cash, and for the balance several bills of exchange were given. In drawing the bills no regard was had in their amounts to the different owners of the wheat. The whole amount of these bills was $7532, and the proper proportion for the defendants was $4578,15, of which $1750 were used in bTew-York in buying the defendants’ liabilities. The remainder, $2828,15, was lost by the failure of all the parties to the bills, and the question is, under the circumstances disclosed, who shall sustain the loss.
The defendants insist that Wilkins &. Co. credited the wheat to the defendants’ account, and that the bills when taken were not the property of the defendants, but the property of Wilkins & Co. There is no foundation for this criticism upon the form of the credit. Wilkins & 06. were never the purchasers of the wheat. The referee has properly found that the credit was of the proceeds of the wheat. All the facts disprove a sale of the wheat to Wilkins & Co., and show a sale, with the assent of the defendants, to Joy & Chapin.
It is claimed that the bills were taken in such a manner that *605 they could not become the property of the defendants, and that they were the property, for this reason, of Wilkins & Co. That the amount had been adjusted by a credit of the wheat, and that Wilkins & Co. took the bills on their own account, and must stand the loss.
The proposition is not distinctly put forth by the defendants’ counsel, that the taking of the bills of exchange for the whole wheat sold without regarding the separate interests qf the different owners, made the bills the property of Wilkins &■ Co. and made them liable for the price of the wheat $ but the position seems to be taken that the facts, the form of the credit and the manner of taking the bills, show that Wilkins & Co. intended to, and did purchase the wheat, and that they intended to be and were the owners of the bills of exchange when received, so far as they represented the wheat that had belonged to the defendants. In this view the facts can only be regarded as evidence upon the question, whether Wilkins & Co. were the owners of the wheat when they sold to Joy & Chapin, and made the sale on their own account. The referee has answered this question of fact, as it was proper he should. The facts were not such as to conclude the referee from finding that Wilkins & Co. made the sale as agents and factors for the defendants. If Wilkins & Co. are to be chargeable with the proportion of the bills, received upon the sale, representing the defendants’ wheat, it must be upon other principles.
Are they chargeable in consequence of not having taken separate bills of exchange for the price of the wheat, which belonged to the defendants ? It is the duty of the factor to keep separate accounts, and to avoid confusion of property and accounts, and if his principal sustain a loss in consequence of a violation of obligation on the part of his agent, such agent becomes liable. Such is the general rule.
In the present case, if there was a departure from the strict rules of propriety, how have the defendants been injured ? Their wheat was sold with the wheat of others to Joy & Chapin, upon credit, with their consent. Wilkins & Co. were not liable for having sold improperly the wheat, on credit, to Joy & *606 Chapin. They caused $1750 of the paper taken to be sent to Hew-York, where it was used in payment of their debts. Wilkins & Co. procured to be discounted a larger amount of the paper than the portion belonging to the defendants, and used the portion $2828,15, belonging'to the defendants, in paying the liabilities of the defendants and discharging themselves from their accommodation acceptances. In this way Wilkins & Co. in fact produced a partition of the funds and applied the amount belonging to the defendants for their benefit. How have the defendants been injured 1 The proceeds of the bills were required to pay the liabilities of the defendants. And if Wilkins & Co. made the bills their own, then the defendants continued liable to them for the payment of their bills drawn upon W. & Co. without funds and accepted for their accommodation. But suppose this had not been so, and the bills had not been discounted, but remained in the hands of Wilkins & Co., how have the defendants been injured 1 It is said that they would have had the right to demand and receive from Wilkins &■ Co. the bills taken on the sale of their wheat, and that as Wilkins &. Co. had not taken ■separate notes, they could not have complied with the demand. Suppose this to be conceded, and how have the defendants been injured ? If separate bills had been taken, and delivered to the defendants, they could not proceed to collect them until they were due, and before maturity all parties to the bills failed. Again, the bills were not payment for the wheat unless expressly agreed to be taken in payment, (and there is no intimation that such was the agreement here;) the defendants therefore, after the credit had expired, could have sued Joy & Chapin for the price of the wheat. In such action, however, they could not make Joy & Webster liable. But in. short, all the parties to the bills failed before the credit expired, and I am not able to see how the defendants have been damnified by the manner of taking the bills of exchange upon'the sale of the wheat.
In Corlies v. Cumming, (6 Cowen, 181,) the factor sold . goods belonging to two different principals, upon credit, and took the purchaser’s note to himself. The purchaser failed, and it wa'S held that this did not necessarily render the factor liable to *607 his principals. This case is in point; hut it does not seem to meet with the entire approbation of Justice Story. (See Story on Agency, § 179, note.)
[Niagara General Term,
February 7, 1853.
Taggart, Marvin and Mullett, Justices.]
Cases may arise when it is clear that the principal has sustained injury by including in the same note his and others interests ; and in such cases the factor may perhaps, and probably should be held liable for the damage arising from his negligence and want of care. It is undoubtedly more prudent for the factor to take notes for each of his principals for the proper amount, so that his principals may each have the note or notes representing the property sold on his account.
What has been already said is a sufficient answer to the position of the defendants, that Wilkins & Co., by procuring the bills to be discounted, converted them to their own use. They applied that part of the proceeds belonging to the defendants to the use of the defendants. They did not make the bills their own. They were discounted at their par value. They were still acting as the agents of the defendants. The decisions of the referee were in accordance with the justice and law of the case, and the judgment should be affirmed.