## DAME *v.* DAME.

If a house is erected by one man upon the land of another, by his assent, and upon an agreement or understanding that the builder may remove it when he pleases, it does not become a part of the real estate, but remains a personal chattel.

A recovery of the land in a real action by the owner or his assignee, with notice, does not impair the right of the owner of the building to remove it.

PETITION FOR A NEW TRIAL. The petition sets forth that, in 1842, Timothy Dame was possessed of a tract of land in Farmington, containing twelve acres, more or less, of which the boundaries are stated. In that year the petitioner, Edward Dame, by permission of said Timothy Dame, erected on said tract a dwelling-house and barn, of the value of $500.

On the 13th of January, 1853, Timothy Dame conveyed said land by deed of warranty to Daniel W. Dame and Isaac Worster, the petitionees, reserving the house and barn, erected as aforesaid by the petitioner, with the right to remove the same.

October 26, 1855, said Timothy, in consideration of one dollar, released to said Dame and Worster his right, title and interest in the house and barn aforesaid.

On the 2d of January, 1854, Dame and Worster purchased from the Court of Common Pleas for the county of Strafford a writ of attachment, and caused it to be served on the petitioner, and therein demanded of him a certain messuage, it being the same land before described. By accident, mistake or misfortune, the attorneys employed by the petitioner filed a plea or answer, in which they claimed for him a title to an undivided moiety of said land, and disclaimed the residue. The suit was continued from that term till March, 1855; at which term, through accident, mistake or misfortune, a default was entered and judgment rendered for the plaintiffs, a writ of posses-

---

Dame v. Dame.

---

sion issued, and the petitioner was .turned out of possession of said buildings, and deprived of the right of possession and right of removal of the same. He therefore prays a new trial, or other relief.

The allegations of the petition are substantially sustained by the evidence.

*Hamlin,* for the petitioner.

*Christie,* for the petitionees.

BELL, J. The rules of the common law, relating to the rights of lessor and lessee, in buildings and other structures erected by the lessee .upon the property leased, and in such things as are annexed and affixed to any buildings or structures thereon, are liable to be changed and modified in any way by the agreements made by the parties on the subject; and, so far as such agreements extend, the question is no longer what is the common law, but what have the parties agreed. Am. & Fer. on Fix. 97, 103, 104; Broom's Maxims 280; *Dubois* v. *Kelley,* 10 Barb. 496 ; 2 Smith's L. C. 87 ; *Wall* v. *Hinds,* 4 Gray 273 ; Smith's L. & T. 352 ; *Foley* v. *Addenbrooke,* 13 M. & W. 174.

It is in accordance with this principle that it has been settled by many decisions, that where a building is erected by one man upon the land of another, by his permission, upon an agreement or understanding that it may be removed at the pleasure of the builder, it does not become a part of the real estate, but continues to be a personal chattel, and the property of the person who erected it. In such case it is immaterial what is the purpose, size, material, or mode of construction of such building. *Vanness* v. *Packard,* 2 Pet. 137 ; Taylor L. & T., sec. 546. It is merely personal, and is governed by the same rules as any other article of personal property ; as, for instance, a pile of lumber, left by consent of the owner of the land upon his premises. *Smith* v. *Benson,* 1 Hill 176.

Dame *v.* Dame.

This principle has been recognized and applied in *Wells* v. *Bannister,* 4 Mass. 514; *Doty* v. *Gorham,* 5 Pick. 489; *Marcy* v. *Darling,* 8 Pick. 283; *Ashmun* v. *Williams,* 8 Pick. 404; *Rogers* v. *Woodbury,* 15 Pick. 156; *Wall* v. *Hinds,.* 4 Gray 273; and see *Washburn* v. *Sproat,* 16 Mass. 449; in *Osgood* v. *Howard,* 6 Gr. 452; *Russell* v. *Richards,* 1 Fairf. 429; *Hilborn* v. *Brown,* 3 Fairf. 162; *Tapley* v. *Smith,* 18 Me. 12; *Doak* v. *Wiswell,* 3 Heath 572; *Fuller* v. *Tabor,* 4 Heath 519; *Pullen* v. *Bell,* 5 Heath 314; in *Barnes* v. *Barnes,* 6 Vt. 388, with which *Leland* v. *Gassett,* 17 Vt. 403, is not inconsistent; in *Curtis* v. *Hoyt,* 19 Conn. 154; in *Smith* v. *Benson,* 1 Hill 176; *Smith* v. *Jenks,* 1 Denio 580; *Goddard* v. *Gould,* 14 Barb. 605; *Mott* v. *Palmer,* 1 Comst. 564; *Ombury* v. *Jones,* 21 Barb. 520; in *Brearly* v. *Cox,* 4 Zab. 287; in *McCracken* v. *Hall,* 7 Ind. 30; in *Stillman* v. *Homer,* 7 How. (Miss.) 421; and in *Haven* v. *Emery,* 33 N. H. (2 Fogg) 66.

If in such case the owner of the land resists the removal of such building, or otherwise converts it to his own use, he will be liable in trover for the value of it, either to the builder or his assignee. *Osgood* v. *Howard,* 6 Gr. 452; *Russell* v. *Richards,* 1 Fairf. 429; *Wansborough* v. *Morton,* 4 A. & E. 884; *Hilborn* v. *Brown,* 3 Fairf. 162; *Smith* v. *Benson,* 1 Hill 176; *Fairbarn* v. *Eastwood,* 6 M. & W. 679; *Tapley* v. *Smith,* 18 Me. 12.

But a mere refusal or neglect to deliver it, or to remove it from his premises, upon a demand for that purpose, will not be evidence of a conversion, because the owner of the land owes no duty to the builder, but not to oppose the removal.

If the owner of the land withdraws his consent that the building should remain, or puts an end to the estate at will of the owner of the building in it, the latter may enter upon the land, and peaceably remove the building, doing no unnecessary damage to the owner, within a reasonable time, without being a trespasser. 1 Taylor L. &

Dame *v.* Dame.

T. 369 ; *Weston* v. *Woodcock*, 7 M. & W. 14 ; *Woods* v. *County of Cheshire*, 32 N. H. (1 Fogg) 424 ; *Doty* v. *Gorham*, 5 Pick. 489 ; *Rising* v. *Stanard*, 17 Mass. 287 ; *Ellis* v. *Paige*, 1 Pick. 49 ; because the proprietor of goods and chattels has authority by law to enter the land of another upon which they are placed, and remove them, provided they are there without his default. Ham. N. P. 169 ; Bac. Ab., Tresp., F, 1; 2 Rolle's R. 55 ; 2 Rolle's Ab. 566, (I, p. 9.); Cro. El. 329 ; 1 Swift Sys. 525.

But if in such case the owner of the building suffers it to remain an unreasonable time, or if his right to continue it terminates by his own act before its removal, it is his fault that it remains afterward ; and if he enters to remove it, he will be liable in trespass for all damage done by him to the owner of the land, but not for the value of the property removed. *Webb* v. *Stanard*, Palm. 71 ; *Mumford* v. *Whitney*, 15 Wend. 386 ; *Miller* v. *Railroad*, 6 Hill 64.

If the owner of the land conveys his interest, it will operate as a revocation of the license to continue the building upon it ; but the owner of the building will not be affected by it till notice, either actual or constructive, of the revocation. *Dubois* v. *Kelly*, 10 Barb. 496 ; *Rising* v. *Stanard*, 17 Mass. 286.

It has even been held that no interest in the building passes by the conveyance, whether the purchaser had notice of the position of the building or not ; *Russell* v. *Richards*, 1 Fairf. 429 ; *Dubois* v. *Kelly*, 10 Barb. 496 ; *Smith* v. *Benson*, 1 Hill 176 ; and if he is wronged, his remedy is upon the covenants in his deed ; *Mott* v. *Palmer*, 1 Comst. 564 ; but on this point we express no opinion.

In the present case it may be fairly inferred, nothing being stated to the contrary, that the house and barn here in question were constructed in the usual manner, and were, therefore, *prima facie* a part of the real estate ; but they were erected by the petitioner upon the land of his father, by his express assent and permission, and upon an

understanding, almost necessarily implied in such permission, and here proved by the reservation of the father's deed, of the right to remove these buildings. They did not, therefore, become part of the real estate, but remained merely personal chattels. By the father's deed to the defendants, the real estate alone passed, but these chattels did not, because it purported to convey the real estate alone; because the father had no title in them that he could rightfully convey, and because they were reserved in the first deed, and the second granted nothing but a release of his claim upon them, under the reservation of the first. The conveyance to the defendants upon notice put an end to the license to continue these buildings on the land sold, or to remove them; but the law gave to the petitioner a right to retain them, and to remove them during a reasonable time after notice of that sale. After the lapse of such time they still remain the property of the petitioner, but as they continue upon the land by his own fault, he cannot enter upon the land to remove them, without a trespass; but if he does enter, he will be liable only for the damage which he does, and which the buildings have caused, and not for the value of them.

On the other hand, if the defendants resist their removal, or convert the buildings to their own use, they will be answerable to the petitioner in trover for their value; but as they are not bound to remove them or deliver them, or even to assent to their removal, they will not be made liable by a mere demand and refusal.

The action brought by the defendants was for the recovery of the land alone. The judgment rendered in it could not affect the petitioner's title to his chattels then upon the land, whether they were there by right or by wrong; nor could it in any way affect the merely personal right of the petitioner to remove them, or to recover their value, if they were withheld from him. The right to enter for the purpose of removing this property

Dame *v.* Dame.

gives no seizin or possession of the land, and is not even an interest in land, within the statute of frauds. *Woods* v. *County of Cheshire,* 32 N. H. (1 Fogg) 424. Such a right constitutes no defence in a real action, and we have found no plea in which any similar right, or even a right to an easement, has been attempted to be set up as a defence to a real action. As the right of the petitioner to these buildings cannot avail in defence of the action, he cannot be benefited by a new trial.

The license to erect these buildings, and to occupy them on the father's land, constituted a lease at will. If it could be deemed a lease from year to year, it would continue till terminated by a notice to quit, notwithstanding the deed to the defendants; *Doty* v. *Gorham,* 5 Pick. 489; *Birch* v. *Wright,* 1 D. & E. 378 ; *Madden* v. *White,* 2 D. & E. 159 ; but as there was no rent reserved, or time of payment limited, it must be deemed a tenancy at will strictly; Taylor L. & T. 36 ; 1 Swift Sys. 95; *Wright* v. *Beard,* 13 East 210 ; and was terminated by the sale of the property; Taylor L. & T. 37 ; *Ball* v. *Cullimore,* 2 M. C. & R. 120 ; 1 Swift Sys. 90.

It is not necessary to discuss the question whether a new trial will be granted, where the party had due notice of the suit, and employed counsel, and was defaulted with the knowledge and assent of his counsel, but through some fault or mistake of the counsel. It would seem that a very clear case of accident, mistake or misfortune must be shown to induce the court to interfere.

*Petition dismissed.*