## LAW *against* HEMPSTEAD.

A plea of a right of way to an action of trespass *quare clausum fregit*, which is a mere possessory action, admits the possession of the plaintiff, but not an absolute title in him.

But if otherwise, such a plea does not admit, that the persons under whom the plaintiff claimed title many years before, were the absolute owners of the land ; such fact not being alleged in the declaration.

If a grant will not convey all that was intended, it will not, for that reason, be entirely void, but will be construed to convey all that it was in the power of the grantor to convey.

Therefore, where the grant was of a right of way 14 feet, 5 inches, in width, for carriages, carts, &c. ; and 11 feet of such way was covered by an outstanding mortgage ; it was held, that a right of way in the remaining 3 feet, 5 inches, for such vehicles as the width of the way would allow, passed.

Where there are several descriptions of the premises in a deed, such construction will be given to the deed, as will, if possible, satisfy each.

Therefore, where the owner of two adjoining lots, the *northern* one called the *Gross* lot, and the *southern*, called the *Belden* lot, conveyed the former, by a deed containing a threefold description of the premises, *viz.* as bounded *south* on the *Belden* lot,—as being the same estate which the grantor then possessed,—and as being the estate which he purchased of one *Gross ;* before this conveyance, and while the grantor owned both lots, and was in the occupation of the *Gross* lot, he erected a fence on the front line of the lot, and placed a post at the *south* end of such fence ; there being

New-London, July, 1833.

Law v. Hempstead.

New-London,
July, 1833.

Law
v.
Hempstead.

no evidence *aliunde*, shewing that this post was intended as a bound, and no evidence as to the extent of the grantor's possession, except such fence and post, and there being no apparent object in keeping the lines of the lots distinct; it was held, that such post, if it afforded any evidence of the line of possession, could not controul the line of the *Gross* lot, which, if it could be ascertained, must govern; as that description would accord with the others, and thus each might be satisfied ; but if the line of the *Gross* lot could not be ascertained, then resort might be had to the actual possession of the grantor, when he executed the deed.

THIS was an action of trespass *quare clausum fregit*. The defendant, by his plea, admitted the plaintiff's right, and justified under an entry in right of *James Lamphere*, the owner of an adjoining lot, who claimed a right of way over the land described in the plaintiff's declaration ; which way, the defendant averred, was, by *John H. Frink*, granted to *Lodowick Fosdick*, under whom *Lamphere* claimed title, thirty-six feet in depth from *Bank* street, to pass and repass, at pleasure, with teams, carriages, horses and cattle, and otherwise. The plaintiff traversed this right of way; on which issue was joined.

The cause was tried, on this issue, at *Norwich*, *March* term, 1833, before *Williams*, J.

It appeared, on the trial, that on the 26th of *May* 1815, *John H. Frink* was the owner of two adjoining lots on the *West* side of *Bank* street, in *New-London ;* and that, on that day, he conveyed, by a mortgage deed, to *Freeman Kilbourn*, a lot described as follows : " Bounded *South* on land lately belonging to *Samuel Belden*, and *Easterly* by *Bank* street, with the dwelling-house thereon, being the same estate and premises, which I at present occupy and possess, and being the same estate, which I purchased of *Asahel Gross*." On the 9th of *April* 1816, *Frink* conveyed to *Fosdick* most or all of the *South* lot, describing it as follows: " That certain lot of land situate in said town, described and bounded as follows, *viz.* beginning at the *South-Easterly* corner thereof, on the *West* side of *Bank* street, at the *North-Easterly* corner of land of *Samuel H. P. Lee ;* thence *Northerly*, by said street, to the place 7 inches *North* of the *North-Easterly* corner of the store standing on said lot, being in front on said street 34 feet, or thereabouts." By the same deed, there was granted, also, " the privilege or right of way upon and over 14 feet and 5 inches of the land in front of said *Bank* street, and the same width

New-London,
July, 1833.

Law
v.
Hempstead.

from that street *Westerly* 36 feet, adjoining on the *Northerly* side of said lot, to pass and repass, at pleasure, with teams, carriages, horses and cattle, and otherwise. After the last-mentioned deed, *Frink* gave a release deed to *Kilbourn* of the lot mortgaged to him.

The defendant admitted, that as the deed to *Fosdick* was subsequent to that given to *Kilbourn*, *Fosdick* could gain no right to the way, by virtue of his deed, unless there was land remaining between the lot conveyed to *Kilbourn* and the lot conveyed to *Fosdick*. And if that was the case, it was claimed, that the effect of that deed would be to convey a right of way over the land so remaining, claimed to be 3 feet, 5 inches, in width.

The plaintiff claimed, that if this were so, the evidence would not support the plea; because the way granted was 14 feet, 5 inches, and that claimed was only 3 feet, 5 inches; that the way granted was for carriages, &c. for which this could not be; that it was also inconsistent with the plea, as that admitted the title of the land over which he claimed the right of way, to be in the plaintiff, whereas he now claims it to be in *Frink*. He also claimed, that there was a variance as to the boundaries; because by the defendant's claim, the way must be bounded *Southerly*, not on land of the defendant, but on land of *Frink*.

The judge overruled these objections, and admitted the evidence.

The defendant then offered evidence to prove, that the *North* line of the *Belden* lot and the *South* line of the *Gross* lot were identical; which was objected to; but the judge admitted it.

The defendant further claimed, that the *South* boundary of the plaintiff's lot was the *South* line of the *Gross* or *Penniman* lot, whatever might have been the extent of *Frink's* possession. The plaintiff claimed, that soon after *Frink* bought the two lots, and before he conveyed either, and while he occupied the *North* lot, *Frink* erected a fence upon *Bank* street, and placed a post upon the *South-East* corner of the lot on which he lived, at a point 34 feet, 7 inches, *North* of the *North-Easterly* corner of *S. H. P. Lee's* land, and 7 inches *North* of the *North-Easterly* corner of the store then on said lot; which post was then standing; and that this was intended as the bound of the land conveyed, and was paramount to any evi-

*New-London,*
*July, 1833.*

Law
*v.*
Hempstead.

dence as to the ancient line of the lot, alluded to in the line in the deed to *Kilbourn*.

The judge, after stating to the jury the general rules for the construction of deeds, (to which no exception was taken) instructed them, that they must ascertain, (if practicable) the line of the *Gross* lot, as that was the line of the lot conveyed to *Kilbourn*, and owned by the plaintiff; but if that could not be found, they must look at other facts, particularly, *Frink's* actual possession, when he executed that deed.

A verdict being found for the defendant, the plaintiff excepted to the charge and to the several interlocutory decisions of the judge, and thereupon moved for a new trial.

*Goddard* and *Brainard*, in support of the motion, contended, 1. That the defendant's plea was not supported by his evidence, either as to the title, which the plaintiff admits to be in the plaintiff; or as to the locality of the way.

2. That the charge given by the judge, that the ascertainment of the line of the *Gross* lot, decided the question between the parties, was incorrect; because that line was done away, when *Frink* owned both lots.

3. That the evidence introduced by the defendant, to shew that the *North* line of the *Belden* lot and the *South* line of the *Gross* lot were identical, and so that the way was not over the plaintiff's land, was inadmissible, because it contradicted the defendant's plea.

*Strong* and *W. P. Cleaveland*, jun., contra.

WILLIAMS J. It was objected, in the first place, that the testimony tending to show that the *North* line of the *Belden* lot and the *South* line of the *Gross* lot were identical, could not be received. As it was admitted, that *Frink* owned both those lots, and as it was claimed, by one party, that by the first deed, he conveyed one of them only, and by the other party, that his deed covered more than one lot, it would seem as if both parties must require the proof that these lines were the same; as it is proved, that the lots were adjoining, and of course, that settling the *North* boundary of one lot would ascertain the *South* line of the other. The objection, however, seemed to proceed upon the ground, that in this way, the de-

fendant was attempting to prove, that the plaintiff did not own <span>New-London, July, 1833.</span> the ground over which the way passed ; and this leads to the consideration of another objection, that the defendant's plea admits the title of the plaintiff to the land over which the way is claimed. <span>Law v. Hempstead.</span> The plaintiff, in his declaration, claims to be the owner and in possession of the land, on which the trespass is claimed to have been committed. By his plea, the defendant admits the plaintiff's right to recover, unless the facts presented in the plea prevent it. He admits every thing that the plaintiff was bound to prove, had there been no special plea. And surely, the plaintiff can ask no more. What, then, was the plaintiff bound to have proved, in this case ? That he was in possession of this piece of ground ; for it is a well settled principle, that trespass is a mere possessory action. *Lambert* v. *Stroother*, *Willes* 221. By the admission of this fact, then, the defendant admits all that is necessary for the plaintiff's recovery ; and consequently, all that can be required.

But if it is admitted, that the defendant, by his plea, acknowledges that the plaintiff is owner, as well as in possession, it cannot be seriously contended, that he admits, that the persons under whom he claimed, owned this ground in the year 1815. *That* is the fact, which the defendant claims to disprove ; and that fact is not alleged in the declaration : of course, upon no principle is it admitted, by the plea.

Again ; it is objected, that the right of way proved is variant from that stated in the plea, because the right of way claimed is 14 feet and 5 inches, and that proved is but 3 feet, 5 inches ; and that it is for carriages, carts, &c. for which this cannot be. As to the width of the way, it will appear, on examining the plea, that it is not stated :—of course, there can be no variance. If it is claimed, therefore, that the plea is defective, that is a question arising upon the record. The width of the way does in fact vary from the width of the way granted ; but the defendant relies upon a principle, which has been often recognized, that if a grant will not convey all that was intended, it shall not therefore be entirely void, but shall be construed to convey all that it was in the power of the grantor to convey. Thus, if one having an estate for life, conveys a fee, the estate for life shall pass. Here, if eleven feet of this land was covered by a mortgage, that shall not operate so as to defeat the conveyance of the other 3 feet, 5 inches ;—nor because it is not wide

enough for ordinary carriages, shall the grantor, or those claiming under him, be permitted to say, that it is not the way granted. The grantee may use such carriages upon it as the width of the way will allow.

The plaintiff further claimed, that the way was misdescribed; because the plea describes the way as bounded *Southerly* on the defendant's land, whereas it is said he now claims to be bounded on *Frink's* land.

I do not so understand the claim. The defendant claims, that *Frink's* deed to *Kilbourn* conveyed the *Gross* lot only; that when he conveyed the *Belden* lot, he granted only 34 feet, 7 inches, on *Bank* street, thus leaving a piece between the two grants, of 3 feet, 5 inches; that the way covers the ground left between the two lots conveyed, and is bounded *Southerly* on the line of the land conveyed to *Fosdick,* under whom the defendant claims. Both parties have proceeded upon the ground, that if there was any right of way there, it must extend *Southerly* to the land now the defendant's.

But the principal objection is to the charge of the court. The plaintiff claims no title, but that which *Kilbourn* had; we must, then, look to *Kilbourn's* deed, to ascertain the extent of the plaintiff's rights. That deed bounds him *South* on the *Belden* lot, and describes the granted premises as then occupied and possessed by the grantor, and as being the same estate which he purchased of *Asahel Gross.*

The defendant claims, that this deed conveyed nothing more than the *Gross* lot. The plaintiff claims, that as *Frink* placed a post in front, on *Bank* street, 34 feet, 7 inches, from *Lee's* corner, and 7 inches from the store, this must be considered as the monument, which must mark the extent of *Frink's* possession, and govern and controul other expressions in the deed. Now, if this post was, by the grantor, placed there, as a monument between the *Gross* and *Belden* lots, there can be no doubt, that the plaintiff's construction would be correct. But it must be noticed, that there was no fence between the *Gross* and *Belden* lots, or, at least, near that part of the lots about which the controversy arises, and no particular evidence as to the extent of *Frink's* possession, other than that his front fence extended to this post. Nor was there any evidence, that the post was erected before he owned the *Belden* lot; but it was admitted, that it was done while he was owner of both these lots. Nor

New-London,
July, 1833.

Law
v.
Hempstead.

was there any evidence tending to show, that he intended thereby to designate the *South* line of the *Gross* lot; or that he ever so called or considered it. Nor is there any single fact tending to shew, that at that time, when *Frink* owned both these lots, he could have any particular object in keeping the lines distinctly marked, as if they were owned by different persons. Unless some particular object is shown, it is rather to be supposed, that he would erect the fence which was to front his house, and the posts of the fence, where his taste or convenience dictated, rather than by an ancient line, which was important only while the land was the property of different owners, and which could be of no possible use, when the property belonged to one individual.

Now, as the argument of the plaintiff has proceeded upon the ground, that this post was a monument designating the line of the *Gross* lot, and the *South* line of the lot conveyed to *Kilbourn*, there must be some fact other than the erection of the post itself to prove it. There is nothing in the deed alluding to this post; nor has any witness spoken of it as a monument.

It is said, further, by the plaintiff, that this post tends to shew the extent of *Frink's* possession. But as there was no fence extending *Westerly* from this post, it certainly would be very slight evidence of the line of possession. Admitting, however, that this post was in the line of the lot in *Frink's* possession, that must be the line of the *Gross* lot, or not. If it is, then no injustice was done to the plaintiff in the charge; for the jury were directed to ascertain the line of that lot. But if the line of *Frink's* possession was not the line of the *Gross* lot, then a question arises, as both these qualifications or descriptions are in the deed, which shall govern? The words are, "bounded *South* on the *Belden* lot, being the same estate and premises, which I at present occupy and possess, and being the same estate which I purchased of *Asahel Gross*." Here are three circumstances to fix the boundary—his possession,—the line of the *Belden* lot,—and the fact that it is the same lot by him purchased of *Gross*. Now, the rule is, that where there are several descriptions in a deed, such a construction must be given to the deed as will, if possible, satisfy each. Now, if the line of possession does not, as is supposed, correspond with the other descriptions, *viz.* of the line of the *Belden* lot and the lot bought

of *Gross,*—that cannot be taken as the line given by the deed; for it does not satisfy the several descriptions. But by construing the deed to include the *Gross* lot only, every part of it is satisfied. It is bounded *South* on the *Belden* lot; it is the lot purchased of *Asahel Gross ;* and it is the lot (though perhaps not *all* the lot,) then occupied by the grantor. By the plaintiff's construction, it is not bounded on the *Belden* lot, and is not the lot purchased of *Gross* only, but is also part of the *Belden* lot; and thus the first and last description in the deed, is rendered nugatory, to support what the plaintiff claims to be the true construction of the second.

It is farther said, that the court withdrew from the jury the important fact of the location of that post in front, as evidence tending to shew the line of the *Gross* lot. Such, certainly, was not intended; and it is believed, that such could not have been the effect of the instructions given.

The court did not attempt to state to the jury all the evidence, which shewed the location of the *Gross* lot, or if that was done, it does not appear to this court. The point of view, in which it was presented to the jury, was,—that whatever was the line of possession, or whatever weight the location of that post could have for other purposes, it could not controul the description in the deed; that the *Gross* lot only was intended to be conveyed; but that the situation of that *South* line was a question of fact exclusively for the jury.

Upon a careful review of the several questions submitted by this motion, I am not able to discover, that the court below was incorrect. I think, therefore, there can be no new trial.

The other Judges were of the same opinion, except PETERS, J., who dissented.

New trial not to be granted.