## FRENCH & a. v. PRESCOTT.

A building erected on leased land by the lessee thereof, under an agreement not to remove it, and that it is to be the property of the lessor, is a part of the realty, and the interest of the lessee therein is mortgagable as such.

A mortgage which, in terms, conveys a larger interest than is possessed by the mortgagor, is not void, but conveys the interest of which he is possessed.

ASSUMPSIT, for rent of a store in Manchester. Facts found by a referee. September 11, 1874, one Bailey, owning the land on

which the store stands, leased it to one Sweeney for ten years, from June 1, 1874, at an annual rental to be paid monthly. Under the lease, the lessee had the right to remove the small buildings on the lot, and dispose of them at his pleasure, and erect others, or enlarge the other buildings on the lot.

The additions and improvements were to be the property of the lessor, and not to be removed by the lessee, and he was to keep the buildings in repair during the term. Sweeney took possession under his lease, removed the small buildings, and erected in their place a three-story building, added two stories to the one-story building on the lot, making a three-story block. The store for which rent is claimed is the lower story, and occupies most of what was the one-story building when the lease was taken. July 28, 1875, Sweeney mortgaged to the Amoskeag Savings Bank, to secure a valid debt due from him, another lot of land, and also the buildings above referred to, describing them as follows : "Also a certain building situate in Manchester, at the corner of Elm and Central streets, belonging to me, said John Sweeney, on land belonging to Priscilla Bailey." The mortgage was executed and acknowledged as a mortgage of real estate. It contained no affidavit, and was not recorded in the office of the city clerk of Manchester. May 3, 1879, Sweeney surrendered possession to the bank, and they have since been in possession, taking the rents. July 28, 1878, Sweeney assigned the lease, by writing under seal, to the bank, with all his rights under it, as collateral security for a note of $2,500, the same being a valid debt. The assignment was not acknowledged or recorded. The plaintiffs excepted to it as evidence.

The defendant, as deputy sheriff, attached a stock of goods in the store, took possession of the store, and retained it until January 13, 1880, and paid the rent to the bank. After he had paid it to the bank, the plaintiffs demanded it of him, and then brought this suit.

April 18, 1879, the plaintiffs, having a demand against Sweeney, attached all his interest in the leased premises, and, having recovered judgment against him, duly levied the execution issuing thereon, and sold all Sweeney's interest in the premises in satisfaction thereof, and, the plaintiffs being the purchasers, the officer levying the execution delivered to them a conveyance of the interest of Sweeney so sold. The execution and return were duly recorded and returned.

If on the foregoing facts the plaintiffs are entitled to recover, the referee assesses the damages at seven dollars and interest from date of writ.

*J. L. Foote, N. H. Wilson,* and *A. F. Stevens,* for the plaintiffs.

*Clough & Clark* and *D. Cross,* for the defendant.

BLODGETT, J.,    The building  erected by Sweeney became a part of the realty.    *Bean* v. *Brackett*, 34 N. H. 102, 118, and cases cited.    His interest in it was that of a lessee for years, and was the same in the land on which it stood.    This interest was mortgagable.  1 Hill. Mort. 4; Coote Mort. *101; Jones Mort., *ss.* 136, 140. The fact that Sweeney, in form, mortgaged to the bank a larger interest is immaterial.    The effect was not, as claimed by the plaintiffs, to render the mortgage void, but to convey the interest he had, not only in the building, but also in the land on which it stood.    *Bank* v. *Brooks*, 2 N. H. 149, and cases cited; *Marston* v. *Stickney*, 58 N. H. 609, 610; *Rogers* v. *Snow*, 118 Mass. 124; *Law* v. *Hempstead*, 10 Conn. 23 ; 4 Kent 467.

The mortgage being valid, it follows that the levy was subordinate to it ; and as the mortgagee was in possession of the premises when the levy thereon was made, and had been long prior thereto, it is obvious that the levy gave the plaintiffs no right to the rents thereof as against the mortgagee.

If this be so, it is of course unnecessary to consider the validity of the assignment of the lease, or its competency as evidence.

*Judgment for the defendant.*

STANLEY, J., did not sit ; the others concurred.