CARROLL.

---

## LUCY *& a.* v. GRAY.

The recitals in a personal property mortgage, that the articles mortgaged are personal estate, estop the mortgagor from claiming that they are real estate, as against the mortgagee.

The mortgagor having actively participated in the foreclosure sale under a personal property mortgage, without objecting to the proceedings, is estopped to say that some of the mortgaged articles sold were not legally advertised.

TROVER, for a saw-mill and machinery. Facts found by a referee. The plaintiffs having built a saw-mill on Garland's land, under a parol agreement with him, and put machinery in it, gave the Belknap Savings Bank a personal property mortgage of the mill and machinery to secure their note to the bank. The machinery was so attached to the mill as to become a part of it. The bank began a foreclosure of the mortgage by posting notices of a sale of the property, and serving a copy on the plaintiffs. The notices enumerated the mill and all the machinery mentioned in the mortgage, except a lathe and a jointer. The plaintiffs were present at the time and place of the sale, and took an active part in showing the mill and machinery to the bidders. The defendant was there as the agent of the bank. He authorized the auctioneer to sell and the purchaser to take the property covered by the mortgage; and it was sold together to one purchaser. The plaintiffs did not object that the lathe and the jointer were not advertised.

*J. H. Hobbs*, for the plaintiffs.

*G. W. M. Pitman* and *E. A. Hibbard*, for the defendant.

STANLEY, J. The defendant was the agent of the bank in the sale of the mortgaged property, and could rightfully do whatever was reasonably necessary to make a profitable sale. *Goodale* v. *Wheeler*, 11 N. H. 424. If he kept within his legitimate authority, his title was the bank's title, and any defence the bank could make he can avail himself of, as its agent. As against the bank, the plaintiffs are estopped to say that the property mortgaged was not personal estate, as they represented it to be in the mortgage. *Ballou* v. *Jones*, 37 Ill. 95; *Williams* v. *Swetland*, 10 Iowa 51; *Libbey* v. *Pierce*, 47 N. H. 309, 314. Whether it would be so considered as between the bank and Garland, it is not necessary to decide.

As the plaintiffs stood by and allowed the lathe and the jointer to be sold without objecting, or suggesting that those articles had not been legally advertised, they cannot now be heard to make that objection. Knowing that it was proposed to sell all the property mentioned in the mortgage, actively engaging in promoting the sale, and at the same time remaining silent as to a prior irregularity in the proceedings, they cannot equitably take advantage, after the sale, of the supposed defect. *Gurnsey* v. *Edwards*, 26

N. H. 224, 231; *Davis* v. *Handy*, 37 N. H. 65, 71; *Wells* v. *Pierce*, 27 N. H. 503, 510, 511.

Judgment for the defendant.

BLODGETT, J., did not sit: the others concurred.