DANA, *Ex'x*, *v.* BURKE.

To divest a chattel of its character as personalty and make it a part of
the realty as a fixture, there must be an actual or constructive annexa-
tion to the realty with the intention of making it a permanent accession
to the freehold, and an appropriation or adaptation to the use or purpose
of that part of the realty with which it is connected.

REPLEVIN, for a pleasure boat, about eighteen feet in length,
and named the "Edmund Burke." Facts found by the court.
The plaintiff is the executrix, and the defendant is the widow, of
the late Edmund Burke, deceased. On the first of July, 1879, the
testator purchased a tract of one acre of land, situate in the town
of Sunapee, and in the neighborhood of Sunapee lake, the nearest
point being about thirty rods therefrom. Upon this land, and
during the same summer, he erected the cottage mentioned in the
provisions of his will and a codicil thereto hereinafter recited,
which he occupied with the defendant, his then wife, during each
summer afterwards until his death, which occurred January 25,
1882. He also procured the boat replevied to be built for use
upon the lake by himself and family, and in connection with the
cottage, and which was so used by himself and family in the
appropriate season therefor: and at the time of his decease it was
stored in the barn connected and occupied with the cottage. The
testator's family consisted of himself and the defendant.

In his last will, dated January 7, 1881, is the following provision: "I further give, bequeath, and devise to my said wife [the present defendant] the use of my cottage in Sunapee, and the land on which it stands, which I purchased of Lafayette Colby, and all other buildings standing thereon, with all the household furniture in said cottage. To have and to hold the same during her natural life, on condition that she shall remain unmarried, shall keep the same in good repair, and shall continue in the reasonable occupancy of the same during the season appropriate for such occupancy: on failure of performance by my said wife of said conditions, or of either of them, said property last mentioned, real and personal, shall revert to my estate, and be disposed of according to the provisions of this will."

In a codicil to said will, executed November 3, 1881, is the following provision: "In the clause of my said will in which I give, bequeath, and devise to my said wife, Mary E. Burke, the use of my said cottage at Sunapee lake and the buildings thereon, together with the household furniture therein, during her natural life, or so long as she shall remain my widow, I use the term or phrase 'reasonable occupancy,' by which term or phrase I mean, and hereby direct that the same shall be so construed and interpreted to mean, that my said wife shall have the privilege of letting and leasing said cottage and the property thereto belonging and included in said bequest and devise to any person or persons during her natural life, or while she shall have the right to hold the same under the terms of said bequest and devise; and I hereby revoke and repeal any different construction or meaning that may be given or attempted to be given to said phrase 'reasonable occupancy,' used in said clause of my said last will relating to the disposition of my said cottage and property thereto belonging in said Sunapee."

The plaintiff caused the boat to be appraised, and claims it as part of the testator's estate; while the defendant claims it under the aforesaid provisions of the will and codicil.

Judgment is to be rendered for the plaintiff or for the defendant as in actions of replevin, according to the opinion of the court upon the question of title to the property replevied, upon this statement of facts. The value of the boat when replevied was $18.

*A. S. Wait* (with whom was *H. W. Parker*), for the plaintiff.

*M. W. Tappan* (with whom was *J. H. Albin*), for the defendant.

CLARK, J. As the boat is not named, it is not included in the bequest to the defendant, unless the language used necessarily embraced it, or it had been annexed to and become an essential part of the property bequeathed. The bequest is of " the use of

my cottage in Sunapee, and the land on which it stands, which I purchased of Lafayette Colby, and all other buildings standing thereon, with all the household furniture in said cottage." By no reasonable construction can this language cover the boat. Neither does it appear that it had become an essential part of any portion of the property bequeathed. Things movable and personal in their nature may, by intentional adaptation, annexation, and use, become an essential part of the realty, and pass by a conveyance as an incident to it, as the keys of a house pass by a conveyance of the house. Mill-saws and belting attached to and used as a part of a mill, though temporarily severed, pass with the mill. *Burnside* v. *Twitchell*, 43 N. H. 390. And stanchion-timbers, tie-chains, doors, windows, and hinge hooks, removed from a barn for the purpose of repair, pass by a conveyance of the barn as part and parcel of the realty. *Wadleigh* v. *Janvrin*, 41 N. H. 503.

But in such cases, to divest a chattel of its character as personalty and make it a part of the realty, there must be an actual or constructive annexation to the realty with the intention of making it a permanent accession to the freehold, and an appropriation or adaptation to the use or purpose of that part of the realty with which it is connected. " In order to constitute a constructive annexation to the realty, the article in question must not only be appropriate, or adapted and accessory, to the fit and beneficial use of the principal thing, the realty, and not to a matter of a mere personal nature, but must also be such as goes to complete the building, machinery, etc., constituting the principal thing which is affixed to the land, and must be such as, if removed, would leave the principal thing incomplete and unfit for use, and would not itself alone be equally useful and adapted for general use elsewhere. In respect to all cases of constructive annexation, there exists both adaptation to the enjoyment of the land and localization in use, as obvious elements of distinction from mere chattels personal." Ewell Fixt. 21, 22, 34.

Tried by these tests the boat is no part of the realty. It is no part of the land, buildings, or cottage, or of " the property thereto belonging." There is no annexation to the realty, either actual or constructive. It is in no way adapted for use in connection with the land or buildings. It is not only not essential to the enjoyment of the estate, but the use of it is not even incidental to the use, occupation, or enjoyment of the cottage or land. It is no more a convenience to the owner or occupant of the cottage than it would be to any other person. It is a chattel merely, and as such is not included in the bequest to the defendant.

*Judgment for the plaintiff.*

BLODGETT, J., did not sit: the others concurred.