Sullivan,
No. 4553.

CLARENCE C. PERRY & a.

*v.*

W. H. BURBEE, INC.

Argued January 4, 1957.

Decided February 28, 1957.

*Buckley, Zopf & Sayce* (*Mr. Buckley* orally) for the plaintiffs.

*Leahy & Denault* (*Mr. Denault* orally), for the defendant.

LAMPRON, J. On August 16, 1954, plaintiffs sold a 1947 Packard sedan to one Clarke for $450 on a conditional sales contract duly recorded in Springfield, Vermont. On or about October 11 next, defendant took this car in trade when it sold Clarke a 1946 Ford. There was a balance of $420 unpaid on the Packard at that time.

Although demand was made of defendant it never surrendered the car to plaintiffs nor paid them the amount due and defendant concedes that there was a conversion.

The ordinary measure of damages in an action for conversion is the value of the property at the time of conversion with interest to the date of judgment. *Morin* v. *Hood,* 96 N. H. 485, 486.

There was evidence that this car was sold by plaintiffs to Clarke for $450 less than two months before the conversion. Defendant's president and treasurer testified as to values ascribed to used cars in certain official publications generally used in the automobile business as guides to valuation. One of these publications gave an average retail value of $310 for a 1947 Packard of this type and of $290 for a 1946 Ford similar to that sold to Clarke by defendant. Defendant sold the Ford to Clarke in October for $395 being $105 more than the above given price. It could be found by the Court that this same markup over listed average retail value was applicable to the Packard and thus that it had then a market value of at least $415 ($310 plus $105). This evidence warrants a finding that the value of the 1947 Packard on the date of conversion was $420. *Kelsea* v. *Fletcher,* 48 N. H. 282; *Wentworth Bus Co.* v. *Sandown,* 99 N. H. 5, 9; *Moss* v. *Rocky Point Park, Inc.,* 81 R. I. 327; *Cf. Stetson* v. *Davidson,* (Vt.) 126 A. (2d) 921.

The body work in the amount of $90 performed on the Packard by the defendant after taking it in trade consisted in repairing the places where it was rusted. There was no evidence that these repairs were made necessary by anything which occurred between August 16 when plaintiffs sold the car and October 11 when defendant took it in trade. As the evidence warranted the finding of a value of $420 when defendant acquired the car it is not being charged by the verdict with any increase in value due to the repairs which it made. *Beede* v. *Lamprey,* 64 N. H. 510; *Cline* v. *Rountree,* 236 F. (2d) 412. By retaining the car defendant and not plaintiffs will benefit from the work it performed and it is not entitled to any deduction for its cost. Restatement, Restitution, s. 154.

*Judgment on the verdict.*

All concurred.