Hillsborough
No. 7914

PHILIP E. FLYNN & a.

v.

NASHUA FEDERAL SAVINGS AND LOAN ASSOCIATION

NASHUA FEDERAL SAVINGS AND LOAN ASSOCIATION

v.

PHILIP E. FLYNN & a.

February 3, 1978

*Philip E. Flynn,* of Nashua (*Rosemary E. Flynn* orally), pro se.

*Smith, Welts & Currier,* of Nashua (*Philip R. Currier* orally), for the Nashua Federal Savings and Loan Association.

PER CURIAM. In June of 1973, Philip E. and Rosemary E. Flynn [hereinafter the Flynns] obtained a loan in the amount of $25,000 from the Nashua Federal Savings and Loan Association [hereinafter the Bank] to finance the purchase of land in Nashua and the construction of a house upon it. The house has been built and the Flynns have occupied it up to the present time.

Since May 1975, however, the Flynns have failed to make the monthly payments on the note and mortgage, and in March 1976, the bank filed a bill in equity to foreclose on the mortgage instead

of exercising the power of sale provision. The Flynns filed a bill in equity to restrain the foreclosure. After a hearing, *Goode, J.,* dismissed the Flynns' petition, granted the bank the right to foreclose, and transferred all exceptions.

The Flynns do not deny that they have made no payments on the mortgage since May 1975. They contend, however, that the mortgage is invalid and cannot, therefore, be foreclosed. Their claim is not based on any allegation of fraud or wrongdoing on the part of the bank, but on allegations that others have acted fraudulently and illegally. Their complaints relate to a failure to obtain a release of a homestead right, a faulty description, and difficulty with the subdivision regulations of the city. The validity of these allegations is, as the trial court ruled, not relevant to the issue of foreclosure. The mortgage deed to the bank as security for its loan conveyed the same title that the Flynns had, no more and no less. It is this property on which the bank seeks to foreclose, no more and no less. That the bank might not have received all that it expected to receive does not void the mortgage. *French v. Prescott,* 61 N.H. 27 (1881).

The possible liability of some third parties to the Flynns for wrongdoing or breach of warranty is of no relevance to the bank's right to foreclose. It is this fact that the Flynns refuse to accept; they continue to argue that the mortgage is invalid because there were certain defects in their title and therefore in the bank's title under the mortgage. The history of this case indicates that prolonging this opinion would serve no useful purpose. The trial court was correct in its ruling. The Flynns have misconceived the remedy for their alleged injuries. We doubt that there is anything further we could say that would convince the Flynns that, if their allegations are correct, their remedy lies in actions against others, not against the bank.

*Exceptions overruled.*

LAMPRON, J., did not sit.