Belknap
No. 79-105

PLEASANT VALLEY CAMPGROUND, INC.

v.

MELVILLE H. ROOD

February 14, 1980

*Snierson, Chandler & McKean,* of Laconia (*Bernard I. Snierson* orally), for the plaintiff.

*Normandin, Cheney & O'Neill,* of Laconia (*A. G. O'Neil, Jr.,* orally), for the defendant.

BROCK, J.   This is an action for conversion of a mobile home that was located on land purchased at a foreclosure sale by the defendant,

Melville H. Rood, after the plaintiff, Pleasant Valley Campground, Inc., defaulted on its first mortgage on the land on which the home was situated.

At the foreclosure sale conducted on behalf of the first mortgagees, Charles and Martha Krauz, their attorney announced that the sale did not include the mobile home. That announcement was repeated at the request of defendant's attorney. After the sale the defendant refused to surrender the mobile home to the plaintiff, claiming that the foreclosure deed which he received conveyed the land and "buildings and other structures thereon," giving him title and right to possession of the mobile home. Plaintiff then brought this action. A hearing was held before a Master (*Robert A. Carignan*, Esq.) who recommended that judgment in the amount of six thousand dollars ($6,000) be entered for the plaintiff. The master's recommendation was approved by the Superior Court (*Loughlin*, J.) and the defendant's exceptions were reserved and transferred. We affirm.

Pleasant Valley derived its title to the land and the mobile home from Karl M. Rood, who in turn had purchased them from the first mortgagees, the Krauzes. The Krauzes had conveyed the land to Karl Rood by warranty deed and, at the same time, gave him a bill of sale conveying, among other items, the mobile home. Plaintiff took title to the land and mobile home subject to the Krauzes' first mortgage and a second mortgage, not relevant here, which Karl Rood had granted to the defendant.

■ The plaintiff and defendant disagree as to whether the mobile home is personalty or a part of the realty. Resolution of that dispute, however, is not required in this case. Even though an item is unquestionably affixed to the real estate and is a fixture, the parties are always free to agree that for the purposes of the mortgage it will be treated as personalty and, therefore, not be subject to the mortgage. 35 AM. JUR. 2d *Fixtures* § 83 (1967); *see Strobel v. Northwest G. F. Mutual Ins. Co.*, 152 N.W.2d 794, 796 (N.D. 1967); *cf. Dame v. Dame*, 38 N.H. 429 (1859) (agreement between lessor-lessee).

■■ It is apparent that the evidence presented before the master supported a finding that the Krauzes and Karl Rood had a tacit agreement that the mobile home would be treated as personalty. When an item that had previously been attached to the realty is specifically described in a bill of sale, even though it remains attached to the realty, then that bill of sale constitutes an agreement that it should thereafter be treated as personal property as between the parties. *C. B. Cunningham v. Security Title Insurance* Co., 241 Cal. App. 2d 626, 629, 50 Cal. Rptr. 724, 725–26 (Dist. Ct. App., 1966). The

announcement made prior to the foreclosure sale that the mobile home was not included may also be considered as evidence of an agreement between the Krauzes and Karl Rood. We conclude that the record supports the master's finding that the mobile home was not included in the mortgage between the Krauzes and Karl Rood.

As the Krauzes had no title, interest, or right to possession, in the mobile home, they could not convey any such interests through the foreclosure deed. A purchaser at a foreclosure sale receives only that interest which is vested in the mortgagee and no more. *See Flynn v. Nashua Federal Savings & Loan Ass'n.*, 118 N.H. 84, 382 A.2d 628 (1978); *French v. Prescott*, 61 N.H. 27 (1881). Although the Krauzes' mortgage deed referred to "buildings and other structures," the pre-sale announcement resolved any ambiguity as to the status of the mobile home. Were it not for that announcement, the defendant may not have received adequate notice of the agreement and it would be questionable whether it would be effective against him. *See Leawood National Bank v. City National Bank & Trust*, 474 S.W.2d 641 (Mo. App., 1971).

The public announcement at the foreclosure sale that the mobile home was not included is analogous to a parol agreement between a vendor and vendee. In such cases, the vendor and vendee can orally agree that certain fixtures will be treated as personalty and not be included in the subsequent conveyance of the realty. *Groves v. Segars*, 288 Ala. 376, 261 So.2d 389 (1972). Even if the Krauzes' mortgage had covered the mobile home, the defendant's position would remain tenuous. Defendant was aware that the Krauzes had no intention to convey any interest in the home and defendant made no objection to that announcement. Having heard the pre-sale announcement and remaining silent, the defendant cannot now equitably claim that the Krauzes' foreclosure deed to him conveyed an interest in the mobile home. *See Lucy v. Gray*, 61 N.H. 151 (1881).

We conclude that the defendant did not obtain any interest in the mobile home by virtue of the foreclosure sale or foreclosure deed. Plaintiff's right to possession has not been altered in any way as a result of that sale. At trial below, the defendant stipulated that he has exercised dominion over the mobile home. This is inconsistent with the plaintiff's right to immediate possession and amounts to conversion. *Pacific & Atlantic Shippers v. Schier*, 109 N.H. 551, 258 A.2d 351 (1969).

Defendant's final argument is that the $6,000 verdict is contrary to, and unsupported by, the evidence. On review, we will not

set aside a verdict on the grounds that it is excessive unless we conclude that no reasonable person could have returned such a verdict. *Fitzgerald v. Sargent*, 117 N.H. 104, 371 A.2d 456 (1977). Having reviewed the record before us, we cannot say that no reasonable person could have made such a determination. At trial an expert witness testified that in 1978 the value of the home was $6,000. Defendant correctly asserts that the value of the mobile home for purposes of establishing damages is to be determined at the time of the conversion. *Perry v. W. H. Burbee*, 100 N.H. 456, 129 A.2d 670 (1957); *Meloon v. Read*, 73 N.H. 153, 59 A. 946 (1905). On cross-examination, plaintiff's expert testified that the 1976 value of the mobile home "would probably have been perhaps a little higher." On redirect examination, however, he then testified that, "[i]n my opinion it would have been worth $6,000 in 1976." On that basis, we conclude that a reasonable person could have found the home to be worth $6,000 in 1976.

*Defendant's exceptions overruled.*

KING, J., did not sit; the others concurred.