Plaistow District Court
No. 80-081

## KINGSTON 1686 HOUSE, INC.

v.

## B.S.P. TRANSPORTATION, INC. & a.

March 6, 1981

*Keith R. Nelson,* of Hampton, by brief for the plaintiff.

*Devine, Millimet, Stahl & Branch,* of Manchester (*Susan M. Vercillo* on the brief), by brief for the defendant, B.S.P. Transportation, Inc.

PER CURIAM. There are two issues in this case: whether the attempted delivery of goods by a carrier to a consignee at a time when the consignee's business is normally closed is a proper tender of delivery, and, if not, whether the carrier's later refusal to deliver the goods until the consignee had paid extra delivery and storage charges constitutes conversion of the goods. We hold that

the carrier did not properly tender delivery, and we remand the case for determination of the issue of conversion.

The facts are not in dispute. The plaintiff, Kingston 1686 House, Inc., is a restaurant in Kingston; defendant, Law Warehouse, Inc., stores wine for the State; and defendant, B.S.P. Transportation, Inc., is a common carrier. In March 1979, Kingston ordered forty cases of wine from the State. On Wednesday, April 4, the restaurant contacted Law Warehouse and asked them to arrange for a carrier to deliver the goods. That following Monday, April 9, B.S.P. attempted to make the delivery at the restaurant. Kingston, however, is normally closed on Mondays, and the only employee on the premises was the company's elderly vice-president, Peter Speliotis, who was there on other business. The B.S.P. driver informed Mr. Speliotis that he would need help unloading the truck. When Mr. Speliotis refused to help, the driver refused to make the delivery. After consulting with his supervisor, the driver brought the wine back to B.S.P.'s warehouse to be stored. B.S.P. refused to deliver the wine to Kingston until Kingston agreed to pay the original delivery charge, storage charges, and a redelivery charge.

Kingston brought an action for conversion of the goods against B.S.P. and Law Warehouse in Plaistow District Court. Law Warehouse filed a motion to dismiss, which the Trial Court (*Daubenspeck*, J.) granted. B.S.P. filed a counterclaim for the delivery and storage charges, alleging that it had made a proper tender of delivery which Kingston had refused. After trial, *Daubenspeck*, J., found for B.S.P. Kingston appeals that decision but does not appeal the dismissal of its action against Law Warehouse.

The threshold question in this case is whether B.S.P.'s actions constitute a proper tender of delivery. The parties could, and should, have agreed on the delivery arrangements; because they did not do so, we must look to the Uniform Commercial Code and to the case law.

■■ RSA 382–A:2–503 sets out the requirements for tender of delivery by a seller:

> "(1) Tender of delivery requires that the seller put and hold conforming goods at the buyer's disposition *and give the buyer any notification reasonably necessary to enable him to take delivery.* The manner, time and place for tender are determined by the agreement and this Article, and in particular

(a) *tender must be at a reasonable hour,* and if it is of goods they must be kept available for the period reasonably necessary to enable the buyer to take possession. . . ."

(Emphasis added.) Although B.S.P. is a carrier and not a seller, the requirements for delivery are the same. *H & B Chevrolet-Cadillac, Inc. v. Boutell Driveaway, Inc.,* 17 U.C.C. Rep. 752, 753 (Pa. Ct. Comm. Pl. 1974). It is clear from the statute that, in the absence of an agreement that delivery will be made at a certain time, a carrier is required to give the consignee adequate notice to enable him to take delivery. *Id.* at 754. *Cf. First Coinvestors, Inc. v. Coppola,* 388 N.Y.S.2d 833, 834 (N.Y.D. Ct. 1976).

■ In this case B.S.P. did not give Kingston notice that it would make delivery on April 9, but just showed up on that date. It was only by chance that there was anyone on the premises at all. That unannounced arrival was not sufficient notice to enable Kingston to take delivery because it had no employees available to unload the truck. We hold, therefore, as a matter of law that B.S.P. did not make a proper tender of delivery, and we reverse the ruling of the trial court.

■ The second issue in this case is whether B.S.P.'s retention of the wine amounted to conversion. "Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other full value of the chattel." *Muzzy v. Rockingham County Trust Co.,* 113 N.H. 520, 523, 309 A.2d 893, 894 (1973); *see Pleasant Valley Campground, Inc. v. Rood,* 120 N.H. 86, 411 A.2d 1104 (1980). Among the factors that a court must consider are the extent and duration of the exercise of control over the goods, the intent to assert a right inconsistent with the other party's right of control, and good faith. *Muzzy v. Rockingham County Trust Co., supra* at 523, 309 A.2d at 894–95. Because the trial court determined that B.S.P. had made a proper tender of delivery, it did not reach the question of conversion. Accordingly, we remand for a determination of that issue.

*Reversed and remanded.*