Grafton
No. 83-369

THE SAVER'S BANK

v.

RICHARD B. ANDERSON AND JOAN I. ANDERSON

July 3, 1984

*Stebbins, Bradley, Wood & Harvey P.A.*, of Hanover (*Blair C. Wood* on the brief), by brief for the plaintiff.

*Clauson, Smith & O'Connell*, of Hanover (*Daniel G. Smith* on the brief), by brief for the defendants.

BATCHELDER, J. The Superior Court (*Johnson*, J.), on the recommendation of the Master (*Walter Murphy*, Esq.), declared that the defendants were entitled to remove certain items from real estate owned by the plaintiff. The plaintiff appeals, and we affirm.

The facts are as follows:

On May 1, 1981, the defendants entered into a purchase and sale agreement with Benjamin Porter, Sr., d/b/a Porter Homes (Porter) for the sale of real estate and the construction of a house thereon for $102,000. At the time of the agreement, the property was subject to two mortgages to the Dartmouth Savings Bank (which later merged with the plaintiff), in the amounts of $20,000 and $25,000. After the execution of the agreement, Porter subjected the property to three additional mortgages to the Dartmouth Savings Bank in principal amounts totalling $50,000.

On December 4, 1981, Porter recorded, without notice to either the plaintiff bank or the defendants, a deed transferring the property from Porter to the defendants. No closing occurred, however, because the defendants' financing institution refused to advance loan funds due to the extent of the encumbrances against the property.

On December 10, 1981, the defendants moved into the premises with the approval of Porter, although no closing had taken place. On March 9, 1983, the plaintiff foreclosed Porter's mortgages and purchased the house and land at the foreclosure sale. The items in dis-

pute—the kitchen cabinets, storm doors and lighting fixtures—were purchased by the defendants and installed in the dwelling at the defendants' expense, after the execution of Porter's last mortgage and prior to the foreclosure sale.

On May 16, 1983, the plaintiff petitioned the court for injunctive and declaratory relief, seeking to determine title to the disputed items and to enjoin the defendants from removing those items from the real estate.

After a hearing on the request for temporary injunction, the master found that, since the plaintiff had taken the mortgages without reliance on the presence of the disputed items and was notified prior to the foreclosure sale of the defendants' claims, the items should be deemed personalty if they could be removed from the realty without material damage to the premises and if the defendants agreed to repair any damage which might result. The plaintiff appealed, arguing that the superior court erred in finding the items personalty and not fixtures.

■■■ A chattel loses its character as personalty and becomes a fixture and part of the realty when there exists "an actual or constructive annexation to the realty *with the intention of making it a permanent accession to the freehold*, and an appropriation or adaptation to the use or purpose of that part of the realty with which it is connected." *Dana v. Burke*, 62 N.H. 627, 629 (1883) (emphasis added). However, if a chattel becomes an intrinsic, inseparable and untraceable part of the realty, it is deemed a fixture regardless of the intent of the parties. *WO Co. v. Benjamin Franklin Corp.*, 562 F.2d 1339, 1345 (1st Cir. 1977); *Haven v. Emery*, 33 N.H. 66, 68 (1856).

■■ The classification of a chattel, as either personalty or a fixture, is dependent upon the relationship between the owner of the realty and the person who claims an interest in the chattel. *Tibbetts v. Horne*, 65 N.H. 242, 246, 23 A. 145, 147 (1889). Between Porter and the defendants, the items in dispute would be deemed personalty. Implicit in the master's report is the finding that the defendants did not intend to make the items a permanent accession in the event the purchase and sale agreement did not close. Thus, in a case such as this, where the seller has defaulted under the purchase and sale agreement, the purchaser has the right to remove the property, *Waters v. Reuber*, 16 Neb. 99, 105–06, 19 N.W. 687, 690 (1884), or ask for restitution, *Petrie-Clemons v. Butterfield*, 122 N.H. 120, 127, 441 A.2d 1167, 1171–72 (1982).

██ We are therefore faced with the question of whether the plaintiff, as mortgagee, has greater rights against the defendants than would the mortgagor. Generally, a mortgage deed conveys the same title to the mortgagee as the mortgagor had. *See Flynn v. Nashua Fed. Sav. & Loan Ass'n*, 118 N.H. 84, 85, 382 A.2d 628, 628 (1982). Unless and until the items become the property of the mortgagor, by contract or accession, the mortgagee under a pre-existing mortgage has no claims on these items. *See Cochran v. Flint*, 57 N.H. 514, 543 (1877). In this case the mortgagor never became the owner of the disputed items; Porter did not buy the items pursuant to the purchase and sale agreement. Rather, the defendants bought the items and installed them at their own expense.

Additionally, the plaintiff did not rely on the presence of the items when taking the mortgages. *See Tibbetts v. Horne, supra* at 246–47, 23 A. at 147–48; *Haven v. Emery, supra* at 69–70 (when mortgage is executed *after* the affixing of chattel to the property, notice to the mortgagee plays a role in determining the classification of the chattel); *see also WO Co. v. Benjamin Franklin Corp. supra.*

██ We hold that the superior court was correct in finding that the items in dispute were personalty belonging to the defendants if the items could be removed from the realty without material damage to the premises.

*Affirmed.*

All concurred.