# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0549, <u>Joseph W. Chalifoux v. Jennifer M. Chalifoux & a.</u>, the court on September 19, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Joseph W. Chalifoux, appeals several orders of the Superior Court (<u>Temple</u>, J.) dismissing his claims against some of the defendants for lack of personal jurisdiction based upon an absence of constitutionally-sufficient minimum contacts with New Hampshire, against other defendants for lack of personal jurisdiction based upon defective service of process, and against still other defendants for failure to state a claim upon which relief may be granted. The plaintiff further appeals the awarding of attorney's fees to some of the defendants. We affirm.

In reviewing an order granting a motion to dismiss, we assume the well-pleaded factual allegations in the complaint to be true, and construe those allegations in the light most favorable to the plaintiff. <u>See</u> <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 711 (2010). We additionally consider documents attached to the plaintiff's pleadings, documents the authenticity of which the parties do not dispute, official public records, or documents referred to in the complaint. <u>See</u> <u>id</u>. We do not, however, credit allegations that are not well-pleaded, "including the statement of conclusions of fact and principles of law." <u>Snierson v. Scruton</u>, 145 N.H. 73, 76 (2000). Moreover, when a motion to dismiss does not simply challenge the sufficiency of the plaintiff's legal claims, but raises certain defenses, such as a challenge to the trial court's jurisdiction, the trial court must look beyond the unsubstantiated allegations in the complaint and determine, based upon the facts, whether the plaintiff has sufficiently demonstrated the right to seek relief. <u>See</u> <u>K.L.N. Construction Co. v. Town of Pelham</u>, 167 N.H. 180, 183 (2014). It is the plaintiff's burden to establish that the trial court may properly exercise personal jurisdiction over a particular defendant. <u>See</u> <u>Fellows v. Colburn</u>, 162 N.H. 685, 690 (2011).

We will uphold a dismissal for failure to state a claim if the pleaded facts do not constitute a basis for legal relief. <u>Beane</u>, 160 N.H. at 711. We review a dismissal for lack of personal jurisdiction under the <u>prima</u> <u>facie</u> standard <u>de novo</u>. <u>Fellows</u>, 162 N.H. at 690. We will uphold an award of attorney's fees absent an unsustainable exercise of discretion, according substantial deference to the trial court. <u>Town of Barrington v. Townsend</u>, 164 N.H. 241, 249 (2012).

The present case arises out of domestic relations proceedings in Massachusetts between the plaintiff and his former spouse, defendant Jennifer Chalifoux (Jennifer). The other defendants include: (1) James Cieslik, who is Jennifer's father; (2) the Town of Tyngsborough, Massachusetts, its police department, and its police officers Woods, Wagner, and Bourque; (3) Charlene Shute, who is another former spouse of the plaintiff; (4) Jamie Mauritz James and John A. James, who were Jennifer's legal counsel in the underlying divorce proceedings; and (5) Richard Wolman, who was assigned by the Massachusetts court as a guardian ad litem in the underlying divorce proceedings.

The plaintiff alleged that in 2013, shortly after he had filed a motion for custody of his children in the divorce, Jennifer filed a petition in a different Massachusetts court seeking a restraining order against him. Jennifer based the petition, according to the complaint, solely upon an allegation that she had recently learned of the plaintiff's acquisition of firearms and possession of them in Massachusetts, despite knowing that he possessed a large and valuable collection of firearms at a storage facility in Manchester. Tyngsborough police officers allegedly accompanied Jennifer to an ex parte hearing at which she obtained the restraining order, subsequently served the order upon the plaintiff, and allegedly detained him, interrogated him, and conducted warrantless searches of his person, car, and New Hampshire residence, and of a Massachusetts residence of his then-girlfriend. The Massachusetts court that issued the ex parte order subsequently extended it, after an evidentiary hearing, for a period of one year. We note that, at no point in the complaint does the plaintiff allege that he appealed or otherwise successfully challenged the lawfulness of the restraining order in the Massachusetts courts.

After the restraining order was issued and served upon the plaintiff, Wagner allegedly threatened to arrest him for possessing firearms in violation of it. At that point, the plaintiff alleges that he relinquished control of the firearms to the Manchester Police Department. Nevertheless, the plaintiff claims that the Tyngsborough Police Department then sought to obtain a criminal complaint against him for possession of firearms. Jamie Mauritz James subsequently initiated a proceeding, on behalf of Jennifer, seeking to force a sale of the firearms. Although not alleged in his complaint, the plaintiff asserts in his brief, without citing any support in the record, that the Massachusetts divorce court has since ordered that the firearms be sold and the funds used to satisfy a child support arrearage, that he has appealed that order in Massachusetts, and that Jennifer has obtained the release and sale of the firearms without a separate New Hampshire court order.

The plaintiff, who was self-represented, initially filed suit in the United States District Court for the District of New Hampshire against all defendants in this case except the Tyngsborough Police Department, asserting numerous claims under 42 U.S.C. § 1983 (2012) and related state law claims arising out of the alleged actions of the Tyngsborough police officers. Pursuant to 28

U.S.C. § 1915 (2012), the federal court dismissed, <u>sua</u> <u>sponte</u>, most of the federal claims, including a claim that all of the defendants had conspired to violate § 1983, for failure to state a claim upon which relief may be granted. The court allowed § 1983 claims and related state law claims alleging that Bourque and Woods had unlawfully detained and questioned the plaintiff to be served upon Bourque, Woods, and the Town of Tyngsborough, dismissed a Massachusetts statutory cause of action against the town with prejudice, and dismissed remaining state law claims without prejudice to re-filing them in state court. Thereafter, the federal court dismissed the remaining claims against Bourque, Woods, and the Town of Tyngsborough on the basis that those defendants did not have sufficient minimum contacts with the State of New Hampshire to satisfy due process. The federal court noted that its dismissal on personal jurisdiction grounds was "without prejudice."

The plaintiff filed the present case in New Hampshire Superior Court. After several defendants moved to dismiss, he obtained counsel, and the trial court stayed the case so that his counsel could re-plead it. The plaintiff then revised his complaint, asserting several § 1983 claims and state law assault and battery claims against the parties affiliated with the Tyngsborough Police Department, and the following state law claims against the remaining defendants: (1) malicious prosecution through the initiation of criminal proceedings; (2) negligent communications with and reporting to law enforcement officers and courts regarding the plaintiff's firearms possession; (3) wanton and reckless conduct; (4) negligent infliction of emotional distress; (5) civil conspiracy "by communicating to each other and police agencies" that the plaintiff "was in illegal possession of firearms," leading to his "unlawful search, seizure, and ultimate arrest and criminal proceedings" in violation of his civil rights; and (6) conversion of the plaintiff's firearms through negligent communications with and reporting to law enforcement officers.

In dismissing the claims against the parties affiliated with the Tyngsborough Police Department and against Wolman, the trial court reasoned that: (1) the plaintiff was collaterally estopped by the federal court's order from establishing personal jurisdiction over the Town of Tyngsborough, Bourque, or Woods, <u>see</u> <u>Archie v. Piaggio Company</u>, 109 N.H. 162, 163 (1968) (applying collateral estoppel to a prior determination of a lack of personal jurisdiction); (2) service of process against Bourque, Woods, Wagner, the Tyngsborough Police Department, and Wolman was defective under RSA 510:4 (2010) because Bourque, Woods, and Wagner were not served individually with their own copies of the complaint, <u>see</u>, <u>e.g.</u>, <u>Rogers v. Buchanan</u>, 58 N.H. 47, 48 (1876), and because the Tyngsborough Police Department and Wolman were not served "forthwith" <u>after</u> the plaintiff had effected service upon the New Hampshire Secretary of State, <u>see</u> <u>Impact Food Sales v. Evans</u>, 160 N.H. 386, 391-94 (2010); and (3) the Tyngsborough Police Department is not a suable entity independent of the Town of Tyngsborough, <u>see</u>, <u>e.g.</u>, <u>Henschel v. Worcester Police Dep't</u>, 445 F.2d 624, 624 (1st Cir. 1971) (holding that a

municipal police department is not a suable entity under § 1983); cf. Kelley v. Hopkinton Village Precinct, 108 N.H. 206, 207 (1967) (observing that a municipality, and not its zoning board of adjustment, is the proper party defendant in a zoning appeal under New Hampshire law).

In dismissing the claims against the remaining defendants, the trial court reasoned that: (1) the plaintiff did not allege that any of those defendants had instituted a criminal proceeding against him so as to be liable for malicious criminal prosecution, see Ojo v. Lorenzo, 164 N.H. 717, 727 (2013) (stating elements of malicious prosecution); (2) as a matter of law, the allegations in the complaint did not establish a duty of care, there was no allegation that Cieslik, Mauritz James, James, or Shute reported anything to the police or courts, and Mauritz James and James, as the plaintiff's opposing counsel, owed him no duty of care, see Lahm v. Farrington, 166 N.H. 146, 149 (2014) (stating elements of negligence, and recognizing that existence of a duty of care is a question of law); MacMillan v. Scheffy, 147 N.H. 362, 365 (2001) (declining to impose duty of care under New Hampshire law on an attorney to an adverse party); see also Lamare v. Basbanes, 636 N.E.2d 218, 219 (Mass. 1994) (recognizing that an attorney in Massachusetts generally owes no duty of care to an adverse party); (3) the plaintiff did not allege that he had suffered any objective physical symptoms of distress so as to support a claim for negligent infliction of emotional distress, see O'Donnell v. HCA Health Servs. of N.H., 152 N.H. 608, 611-12 (2005) (to establish negligent infliction of emotional distress, plaintiff must prove that he or she suffered objective physical symptoms from alleged distress); (4) the plaintiff did not allege facts establishing that any of these defendants exercised dominion or control over his firearms sufficient to convert them, see Kingston 1686 House, Inc. v. B.S.P. Transportation, Inc., 121 N.H. 93, 95 (1981) (stating elements of conversion); (5) the plaintiff did not allege any facts, beyond bald assertions of "collusion" and "acting in concert," establishing an agreement to commit a tort so as to state a claim for civil conspiracy, and any claim that the defendants conspired to violate § 1983 was precluded by the federal court's dismissal of his conspiracy to violate § 1983 claim, see Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987) (stating elements of civil conspiracy); see also Stevens v. Rowe, 59 N.H. 578, 578 (1880) (under New Hampshire law, "[t]he fact of conspiracy is not actionable, but only the acts of the confederated parties"); and (6) engaging in reckless or wanton conduct, alone, does not constitute a tort under New Hampshire law, and the plaintiff alleged no facts establishing that these defendants had acted recklessly or wantonly. The trial court additionally awarded attorney's fees to Jennifer, Cieslik, and Shute, finding that the claims against them, as pleaded, lacked any reasonable basis in law or fact. See Keenan v. Fearon, 130 N.H. 494, 502 (1988).

On appeal, the plaintiff argues that the trial court erred by: (1) relying upon collateral estoppel to establish a lack of minimum contacts with New Hampshire because the federal court's dismissal order stated that it was

4

"without prejudice," because the plaintiff was self-represented in federal court, and because the trial court granted the plaintiff leave to file a revised complaint; (2) dismissing the Tyngsborough Police Department on the basis that it is not a separate suable entity because, he contends, a municipal police department is a suable entity under New Hampshire law; (3) finding that service of process was defective because all defendants received actual notice of the suit and its service upon the Secretary of State, because he allegedly mailed the complaint to the Secretary of State first, because we have construed RSA 510:4 to grant jurisdiction if the exercise of jurisdiction is consistent with due process, because his affidavit of service claimed that he had complied with RSA 510:4, because Wolman did not support his motion to dismiss with an affidavit, and because he allegedly complied with Massachusetts service of process requirements and with RSA 293-A:15.10 (2016) with respect to service upon a foreign corporation; (4) not granting him leave to re-serve the defendants; and (5) declining to consider additional allegations in his objection to Shute's motion to dismiss and in a purported affidavit in support of that objection on grounds that the "affidavit" was not properly sworn and the plaintiff would not otherwise have been entitled to file another revised complaint under ERG, Inc. v. Barnes, 137 N.H. 186, 189 (1993).

The plaintiff additionally challenges the trial court's ruling that the complaint failed to state claims for negligent infliction of emotional distress, malicious prosecution, negligence, conversion, and civil conspiracy against Jennifer, Cieslik, Mauritz James, James, and Shute, arguing that: (1) his allegation that the defendant's "wrongful conduct . . . caused physical and emotional harm and distress" was sufficient to establish that he suffered objective physical symptoms of his alleged emotional distress; (2) his allegations that all defendants "acted in concert" established that these defendants initiated criminal proceedings against him; (3) whether a negligence duty of care exists is not appropriate to consider on a motion to dismiss and, in any event, "[t]he defendants were all sued as individuals acting in their private capacity as citizens colluding with wrongful police misconduct"; (4) his allegations established that all of the defendants engaged in communications with Jennifer regarding his firearms in a scheme to assist the Tyngsborough Police Department to confiscate and control them in order to benefit from their sale; and (5) his allegations that the defendants colluded with one another were sufficient to establish a conspiracy "to bring about an improper restraining order and effectuate illegal searches and seizures against the Plaintiff and to cause his firearms to be confiscated and eventually converted."

Finally, the plaintiff argues that the trial court erred by awarding Jennifer, Cieslik, and Shute attorney's fees because, he claims, he "brought the litigation in good faith for a valid reason," because he "has only been afforded one opportunity through counsel to address defects in the pleadings," and because he "was not afforded discovery to develop his legal theories."

5

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned orders, the plaintiff's challenges to those orders, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Defendant Shute's request in her brief for an award of attorney's fees incurred on appeal is denied without prejudice to filing a motion for costs and attorney's fees pursuant to Rule 23.

Affirmed.

Dalianis, C.J., and Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**