Anthony R. Corso, J.
Pursuant to an advertisement defendant became a member of a mail order coin club sponsored by the plaintiff. Defendant submitted an order for certain coins which plaintiff, by registered mail, return receipt requested, forwarded to the defendant at his mailing address. The coins had a value of $558.90, the amount sued for herein. Defendant denies receipt of the items and hence denies liability.
*496 Prior to determining the rights of the parties, certain aspects of the case must be resolved. It is obvious that the controlling legislation herein is the Uniform Commercial Code which refers to every conceivable situation in sales.
A reading of the offer by plaintiff shows (1) an inducement to those interested persons to become members of its coin club, and (2) an intention that thé items delivered to a customer be paid for or said items be returned within 10 days after receipt. Plaintiff’s witness amplified this in that the customer was given an opportunity to inspect and review the coins and if not satisfied he could return the same.
The defendant was not in the business of selling coins but was a collector. As a result the court finds that the contract herein is by definition a "sale on approval.” (Uniform Commercial Code, § 2-326.)
A further reading of the offer indicates that the items ordered were to be delivered to the defendant at his residence. On the day of delivery, the postal official handed the items tc a person on the property of the defendant and obtained his signature on the receipt. Both the witness for the plaintiff and defendant deny having knowledge of this third person. Plaintiff contends that such person acted as an agent for the defendant because of his alleged presence on defendant’s property. There was testimony that at this time there was some renovation work being done on the dwelling of the defendant. Defendant produced the general contractor who testified that on the day of delivery of the coins, he was not present at the location nor was anyone on his behalf present nor does he know the party who signed the receipt. In any event it would not make any difference.
Since the transaction in this matter was a sale on approval, liability of the defendant could not occur until he accepted the coins. Title and risk of loss does not pass to the buyer until such acceptance. (Uniform Commercial Code, § 2-327; 50 NY Jur, Sales, § 66.) An acceptance cannot occur if the buyer did not have a reasonable opportunity to inspect the goods. (Uniform Commercial Code, § 2-606.) The plaintiff failed to meet its burden of proof in establishing that the defendant had an opportunity to inspect and accept the coins. The theory upon which it rests that delivery was effectuated when the postal agent transferred the package' containing the coins to the unknown individual as the agent of the defendant must fail. There has been no proof to establish authority upon which a *497 principal-agency relationship existed. The mere fact that the unknown recipient of the mailed item was possibly on defendant’s property doing work on the dwelling in no way creates such authority to receive mail or goods delivered. Additionally, it is to be noted that a tender of delivery requires a seller to give buyer notification in order to enable the buyer to take delivery. (Uniform Commercial Code, § 2-503.) The record is void of any such proof which this court also finds to be fatal to the plaintiff.
Judgment for the defendant. The complaint is dismissed.