OPINION OF THE COURT
Edwin S. Shapiro, J.
Plaintiff brings this action to recover an alleged balance due for goods sold and delivered in the amount of $1,106.03 together with attorneys’ fees in the amount of one third of that balance.
At a trial before the court, plaintiff testified and adduced documentary proof that goods and materials at an agreed price of $2,803.55 were ordered by one Adrian Hess, as defendant’s agent. The defendant denied that Ms. Hess had the authority to order the goods in his name. Plaintiff testified that Ms. Hess gave the plaintiff an unequivocal order for the delivery of the goods in question at a job site *151 in Yonkers where the defendant was an alleged subcontractor. The defendant and Ms. Hess testified that the order was contingent upon the defendant’s further instructions by reason of defendant’s then hospitalization for open heart surgery and a lack of confirmation from Concrete Concepts, the general contractor, as to whether the defendant was to be engaged as the plumbing subcontractor. It was conceded that on June 25,1982, Ms. Hess obtained the defendant’s signature on plaintiff’s credit application at a hospital.
Plaintiff testified that it delivered the material to the job site on June 29, 1982 pursuant to Ms. Hess’ authorization; that there is a custom in the trade permitting such delivery before anyone is present to accept the goods; that the owner of the job site was Greenhouse-McCrory, of Yonkers; that defendant 'was not the general contractor; that two of the four delivery receipts were signed by an unnamed laborer of the general contractor; that the laborer simply signed them “McCrory”, the name of the owner; and that the remaining two receipts were unsigned. Defendant testified that he was undergoing open heart surgery on the day of delivery; that he was replaced as the plumbing subcontractor; and that the goods were not delivered to him or to his agent.
On September 21, 1982 plaintiff retrieved the major portion of the goods which it had left at the job site on June 29, and neither plaintiff nor defendant could account for the loss or disappearance of the remaining goods, for which plaintiff seeks to hold the defendant accountable. No evidence was offered as to the substance of any agreement between the parties on this issue. In fact, plaintiff acknowledged that the defendant was extremely upset when, after plaintiff’s retrieval of the goods, plaintiff attempted to surcharge the defendant with a penalty of 25%. Plaintiff alleges that the balance owed it by defendant, including the 25% surcharge, amounts to $1,106.03.
We find and conclude that Ms. Hess had the authority or the apparent authority to order the goods in question as the agent of the defendant.
We find it unnecessary to resolve the sharply conflicting testimony as to whether the order was unequivocal or not, *152 for even if the order and the delivery date were clearly agreed upon by the parties, the question of “delivery” is the paramount issue in this case.
Assuming, therefore, that the material was ordered unconditionally, and assuming further that Ms. Hess, the defendant’s agent, agreed to have the materials delivered to the “job site”, we nevertheless find and conclude that such authorization did not waive delivery to the defendant or his agent or authorize delivery to persons who are not agents of the defendant. A waiver must be unequivocal. (Horne v Radiological Health Servs., 83 Misc 2d 446, affd 51 AD2d 544.) Plaintiff failed to prove that Ms. Hess’ alleged assent to delivery at the job site constituted a “waiver” of the requirement of absolute delivery to the defendant or his duly authorized agent.
New York Jurisprudence (vol 51, Sales, § 93, p 24) states: “‘Delivery’ is a possessory concept, and a seller makes delivery by transferring to the buyer actual, manual possession of goods”.
Under former section 156 of the Personal Property Law, “delivery” was defined as the “voluntary transfer of possession from one person to another.” Subdivision (2) of section 2-401 of the Uniform Commercial Code now provides in pertinent part: “[ujnless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods”.
Pursuant to section 2-503 (subd [1], par [b]) of the Uniform Commercial Code: “unless otherwise agreed the buyer must furnish facilities reasonably suited to the receipt of the goods.” However, that provision does not give the seller the right to leave the goods at the alleged job site without a completed “delivery”. In such an event, he must secure the safety of the goods, hold them at the buyer’s disposition and give the buyer any notification reasonably necessary to enable the buyer to take delivery. (Uniform Commercial Code,. § 2-503, subd [1].)
As to the alleged delivery to unnamed individuals, we are further persuaded by First Coinvestors v Coppola (88 Misc 2d 495), which held that delivery to an unknown *153 individual on defendant’s property who signed the receipt could not effectuate delivery to the defendant in the absence of any proof to establish authority on which a principal-agent relationship existed between defendant and the unknown individual. In the instant case, the purported “delivery” was even more defective, since the unknown person signed the name of someone other than his own or that of the defendant, and he was not on the defendant’s property.
In the instant case, we find and conclude that there was neither “delivery” nor “tender” of delivery.
As to plaintiff’s contention that its incomplete delivery was made pursuant to “custom”, such custom was denied by the defendant, and the court could find no cases binding the defendant to such incomplete delivery. If there is such a custom, it may well be accompanied by the seller’s assumption of the risk of loss or misdelivery. In this case plaintiff was on special notice of the risk of an incomplete delivery, since it had actual knowledge that the defendant was in the hospital at the time and Ms. Hess, his only proven agent, was not on the job site. We also find that plaintiff failed to prove both the custom and its consequences. Consequently, we reject the concept of “custom” as a cure for the incomplete delivery of the goods.
The issue of delivery is crucial because of the further issue presented by this case as to whether the seller or the buyer should bear the “risk of loss” for the disappearance of the goods which plaintiff failed or was unable to reclaim.
Under the test of subdivision (2) of section 2-401 of the Uniform Commercial Code, quoted in pertinent part, supra, we conclude that title remained in the seller since it failed to complete its performance by physically delivering the goods to the buyer or to an authorized agent of the buyer.
Subdivision (3) of section 2-509 of the Uniform Commercial Code provides in pertinent part: “the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant; otherwise the risk passes to the buyer on tender of delivery.”
We interpret subdivision (1) of section 2-104 of the Uniform Commercial Code as defining plaintiff as a “mer *154 chant”, and we have previously concluded that there was no “receipt of the goods” by the buyer. Consequently, the risk of loss did not pass to the defendant buyer in this case. Even if the seller were not a “merchant”, the risk of loss would pass to the buyer only upon “tender of delivery”. We have already concluded that a proper “tender of delivery” was not made in this case.
We further infer that plaintiff acknowledged its misdelivery by reclaiming the goods, since no evidence was offered as to the substance of any agreement between the parties as to whether its actions were pursuant to a return for credit, an accord and satisfaction or an unarticulated acknowledgment of its uncompleted delivery. What little evidence there was on this issue revealed that the defendant was furious when, after plaintiff’s retrieval of the goods, it attempted to surcharge the defendant with a penalty of 25%.
We find and conclude that the risk of loss should be borne by the plaintiff for the reason that possession and title to the goods did not pass to the defendant. Therefore, it is unnecessary to pass on the question of counsel fees, since plaintiff would be entitled to them only in the event of defendant’s breach of contract. If there was a breach of contract in this case, it was on the part of the plaintiff by reason of its incomplete delivery. Therefore, judgment is awarded in favor of the defendant and the complaint is hereby dismissed.