In the Matter of WOODLANDS IN-VESTMENT ASSOCIATES, Debtor.

In the Matter of Michael B. MEAD, Debtor.

LORANCE CONTRACTING COMPANY, INC., and Doherty Ornamental Iron, Inc., Plaintiffs,

v.

Michael B. MEAD, Woodlands Investment Associates, Ltd., and First Continental Bank and Trust Company, and Paul E. Berman, trustee,[1] Defendants.

Bankruptcy Nos.
87–04018–3–11, 88–01353–3.
Adv. No. 88–0518–3.

United States Bankruptcy Court,
W.D. Missouri, W.D.

Dec. 20, 1988.

See also, Bkrtcy., 95 B.R. 681.

1. The defendant trustee in bankruptcy appeared at the hearing without filing any formal motion to intervene by counsel Michael R. Roser, Esquire. In view of the potential interest asserted by the trustee, it seems that the court must utilize its sua sponte power to add the trustee as a party, particularly when the plaintiffs did not

"144 PC ⅝ × 4 × 12 FIRECODE GYPSUM BOARD
38 PC ⅝ × 4 × 10 FIRECODE GYPSUM BOARD
12 PC ⅝ × ⁴⁄₁₀ WATER RESISTANT GYPSUM BOARD
3 PC ½ × ⁴⁄₁₀ REGULAR GYPSUM BOARD
10 PC 6″ × 16 25 GAUGE STUDS
180 PC 2½ × 8 25 GAUGE STUDS
20 PC 3⅝ 25 GAUGE TRACK
10 PC 3⅝ × 10 18 GAUGE TRACK
16 PC 1½ × 16 18 GAUGE COLD ROLLED CHANNEL
40 PC L FLOOR RUNNER-10′
60 PC DRYWALL FURRING CHANNEL-12
2 CTN 201-B TRIM-10
2 CTN ⅝ TRIMTRACK J MOLD
1 CTN 1¼ × 10 CLINCH-ON CORNER-BEAD
1 CTN 701-B TRIM-10
5 BAGS FIBERGLASS BATT INSULATION"

The facts which have been demonstrated by the evidence in this action, insofar as they are critical to the decision in this case, show delivery of the above listed articles to the premises of the debtor, but the evidence is not conclusive as to whether they were actually delivered *to the debtor*. In its posttrial arguments, the plaintiff has contended, without being contradicted by any counterargument, that the articles were in reality delivered to agents of the plaintiff who were on the premises of the debtor for the purposes of installing the articles on those premises. But there is really no affirmative evidence in this regard except that the articles remain separate and unattached from the premises and were never installed.

Richard W. Hird, Smithyman & Zakoura, Overland Park, Kan., for plaintiffs.

Robert M. Modeer, Hoskins, King, McGannon & Hahn, Kansas City, Mo., for Mead and Woodlands.

Thomas M. Franklin, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., for First Continental Bank & Trust Co.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT GRANTING COMPLAINT FOR RECLAMATION

DENNIS J. STEWART, Chief Judge.

This is an action in the nature of reclamation,[2] brought by the plaintiffs with respect to the following items:

### Conclusions of Law

On the basis of the facts found above, the defendant trustee in bankruptcy[3] relies upon the provisions of the Missouri Uniform Commercial Code, § 400.2–401(2) RSMo. which, in the following language, holds that title to goods passes, in the

object to the trustee appearing by counsel at the hearing of the merits and participating in the hearing.

**2.** The request for relief in this case is recurringly styled as one for "return of property" and it is improperly made in the same complaint as contains an objection to discharge. But the substance of the relief sought is recovery of property from the actual or constructive possession of the bankruptcy estate. "The converse of turn-

over orders directed against the bankrupt or others is the petition of a claimant not in possession who invokes the jurisdiction of the bankruptcy court in order to assert his claim or title and regain possession from the trustee or receiver. This is the ordinary reclamation proceeding...." 2 Collier on Bankruptcy para. 23.11, p. 588 (14th ed. 1977).

**3.** See note 1, *supra*.

absence of an explicit contractual provision otherwise, at the time of their delivery to the seller:

> "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading."

As above indicated, however, the plaintiff urges that, based on the facts of this case, there was no delivery to the debtor; that title did not pass; and that it is therefore entitled to reclamation of the articles from the current possession of trustee, into whose hands the articles fall when plaintiff's agents vacated the premises upon the institution of bankruptcy proceedings.

 As observed above, however, the evidence on the issue of delivery is inconclusive. The result in this adversary action must therefore depend upon which of the parties has the burden of proof on the issue of delivery *vel non.* In this regard, it must be noted that a plaintiff in a reclamation action ordinarily has sustained its burden of proof when it demonstrates that it has title to the property in question.[4] It is the burden of a trustee resisting recovery in reclamation to demonstrate such imperfection in the title as would enable the trustee to defeat that title in the exercise of his "strongarm" powers under § 544(a) of the Bankruptcy Code. "This placing of the burden comports with the general rule that a trustee in bankruptcy seeking to avoid a purported security interest bears the burden of proving the imperfection or invalidity of that interest." *In re Davison,* 738 F.2d 931, 936 (8th Cir.1984). See also *Matthews v. James Talcott, Inc.,* 345 F.2d 374, 380 (7th Cir.1965), cert. denied, 382 U.S. 837, 86 S.Ct. 84, 15 L.Ed.2d 79 (1965); *Matter of Bergsieker,* 30 B.R. 757, 759 (Bkrtcy. W.D.Mo.1983) ("Generally, when the trustee brings an action seeking to exercise his powers under the strongarm clause to avoid a purported security [or other title] interest, he bears the burden of demonstrating the invalidity or imperfection of the security interest.") The trustee clearly has not done so in this action and the *prima facie* case of title made by the plaintiff must therefore prevail. Accordingly, it is hereby

ORDERED AND ADJUDGED that the plaintiff's complaint for reclamation be, and it is hereby, granted and the defendants shall therefore with reasonable dispatch turn the abovementioned items over to plaintiff.[5]

---

4. "A reclamation proceeding is directed against property in the possession of another (either a trustee or receiver in bankruptcy where one has been appointed), and to regain such property the claimant must affirmatively establish his own right to possession by proving ownership, absolute or unqualified." 4A Collier on Bankruptcy para. 70.39(3), pp. 476.2, 477 (14th ed. 1978).

5. It must be observed in retrospect upon the proceedings had in this adversary proceeding that First Continental Bank and Trust filed a "response and memorandum ... opposing motion by Lorance Contracting Company, Inc., for order to return property." First Continental Bank and Trust essentially relies upon its security interest in "all machinery, apparatus, equipment, fixtures and articles of personal property of every kind and nature now or thereafter located upon or within (2900 Brooktree Lane)." The security interest must necessarily be confined to property of the *debtor* located within those geographical limits. And, as observed in the text of this memorandum, the evidence fails to sustain any contention that the property here involved ever became property of the debtor, despite the fact that First Continental Bank and Trust was permitted by the court to appear and participate in the trial, even in the absence of a motion to intervene. See further, *National Plumbing Supply Corp. v. Castellano,* 36 UCC Reporting Service 814, 817, 118 Misc.2d 150, 460 N.Y.S.2d 248 (1983), to the following pertinent effect: "As to the alleged delivery to unnamed individuals, we are ... persuaded by *First Coinvestors Inc. v. Coppola,* 88 Misc.2d 495, 388 N.Y.S.2d 833 [1976] ... which held that delivery to an unknown individual on defendant's property who signed the receipt could not effectuate delivery to the defendant in the absence of any proof to establish authority on which a principal-agent relationship existed between defendant and the unknown individual."